2. Where, in an action so brought, the defendant sets up a release from the patentee, a replication is proper, setting up the license, the bringing of the suit for the benefit of the licensee, notice to the defendant of the license and its recording, prior to the release, want of power in the patentee to give the release, and that it was given without the licensee's authority or consent.

[Cited in Jackson v. Allen, 120 Mass. 77.]

3. When, and on what terms, leave will be granted to file an amended replication setting up those matters.

This was a motion for leave to file an amended replication to a plea of puis darrein continuance. The action was case for the infringement of letters patent [No. 3,633] granted to the plaintiff [Charles Goodyear] for improvements in the manufacture of India-rubber. The plea was put in in September, 1851, by [Charles] McBurney and Cheever, two of the defendants. It set up a release, under seal, of these defendants, by the plaintiff, from "all claims, demands, actions, causes of action, and suits at law or in equity, for or on account of any and all infringements or violations of and upon any and all patents which the plaintiff ever owned, then owned, or could claim for improvements in the manufacture of India-rubber." To this plea the plaintiff replied, in March, 1852, simply traversing the release. The plaintiff now moved for leave to file an amended replication, setting up that, prior to the giving of the release, the plaintiff had granted an exclusive license, under the letters patent sued on, to one Greacen, to use the patented improvement in the manufacture of India-rubber steam-packing; that the defendants had been making that article in violation of the patent, to the damage of Greacen; that the suit was brought for the benefit of Greacen as well as that of the plaintiff, and to recover the damages for the use of Greacen; that the plaintiff, when the suit was brought and when the release was given, did not own the rights so granted by license, and had no power to give the release; that the license was recorded in the patent office before the release was given, and that the defendants also had actual notice of it before taking the release; that, when the release was given, the defendants were liable to the plaintiff in a large sum on account of his individual interest in the patent, exclusively of Greacen's right under it; and that the release was not intended by the parties to it to release the damages for which the defendants were liable in respect to Greacen's rights, and was given without Greacen's authority or consent. The motion was founded on an affidavit, made by Greacen's agent, verifying the truth of the proposed amended replication, and setting forth that the suit was commenced for Greacen's benefit as well as the plaintiff's, by his, the agent's, direction; that the release was given without his, the agent's, authority and consent; and that he,

the agent, did not know that the release was pleaded or replied to until long after the replication was put in.

George C. Goddard, for plaintiff, contended that the amendment was allowable under section 32 of the act of September 24, 1789 (1 Stat. 91), that the amended replication was the proper method of protecting the rights of Greacen (citing Timan v. Leland, 6 Hill, 237), and that Greacen could not have sued in his own name, under section 14 of the act of July 4, 1836 (5 Stat. 123).

Edgar S. Van Winkle, for defendants.

NELSON, Circuit Justice. The suit is properly brought in the name of the patentee, in behalf of the party holding a license to use.

There has been much neglect and delay in this proceeding, on the part of Greacen; but I cannot say that he shall be debarred from contesting in the usual way the matters set up in the plea. The motion is granted, on payment of the costs of opposing it, and of putting in a rejoinder to the replication.

[For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]

## Case No. 5,575.

### GOODYEAR v. MALLEC.

[See Case No. 5,579.]

## Case No. 5,576.

### GOODYEAR v. MATHEWS.

[1 Paine, 300; [1] 1 Robb. Pat. Cas. 50.]

Circuit Court, D. Connecticut. April Term, 1814.

PATENTS—LAW OF 1793—PRIOR USE—IMPROVEMENTS.

1. A patent, under the law of 1793 [1 Stat. 318], is valid, although the invention may have been in use for years anterior to the patent, if the patentee was the original inventor.

[Cited in Treadwell v. Bladen, Case No. 14,154; Whitney v. Emmett, Id. 17,585; Shaw v. Cooper, 7 Pet. (32 U. S.) 317.]

2. A patent for an entire machine is valid, although the invention consists only of an improvement on such machine; but the patentee is entitled to an exclusive use of no more than his improvement.

[Cited in Treadwell v. Bladen, Case No. 14,154.]
[Cited in Rheem v. Holliday, 16 Pa. St. 350.]

This was an action on the case [by Amasa Goodyear against Ancon Mathews] for the breach of a patent right. The patentee, G. W. Robinson, was the inventor of a mode of casting hard metal buttons, with wire eyes, in metal moulds, and the plaintiff was the assignee of the patent. It appeared on

[1] [Reported by Elijah Paine, Jr., Esq.]