GROVER & BAKER SEWING MACH. CO. (COPLEY v.). See Case No. 3,213.

GROVER & BAKER SEWING MACH. CO. (FLORENCE SEWING MACH. CO. v.). See Case No. 4,883.

## Case No. 5,846.

### GROVER & BAKER SEWING MACH. CO. v. SLOAT et al.

[2 Fish. Pat. Cas. 112.] [1]

Circuit Court, S. D. New York. Aug., 1860.

PATENTS—SUIT BY LICENSEES — EVIDENCE FIRST OFFERED AT HEARING—CORPORATIONS—CONSTRUCTION OF CHARTER.

1. The complainants were a corporation under the laws of Massachusetts. *Held*, that as the right to manufacture machines is general and not confined to the limits of Massachusetts by the charter, and as there is no prohibition upon it by the laws of New York, the complainants may properly use the invention in New York.

2. Mere licensees have no interest capable of affording the foundation of a suit in the name of such licensees.

[Cited in Blair v. Lippincott Glass Co., 52 Fed. 227.]

3. Where a patent was offered in evidence at the hearing which was not introduced before the examiner, *held*, that as the other party had had no opportunity for explanation, the proof could not be received or considered.

This was a bill in equity filed [by the Grover & Baker Sewing Machine Company] to restrain the defendants [George B. Sloat and others] from infringing letters patent [No. 12,116] granted to W. P. N. Fitzgerald, as assignee of the inventor, Allen B. Wilson, December 19, 1854, for an "improvement in sewing machines," which was an improvement in the feeding device, also invented by Wilson, and patented November 12, 1850 [Patent No. 7,776], which is more particularly described in the case of Potter v. Wilson [Case No. 11,342]. That device consisted of a roughened bar having two motions only, forward and backward. The improvement described in the present patent was substantially the same, except that four motions were given to the feeding bar instead of two. The roughened feeding surface moving forward with the cloth, then dropping below it, moving backward beneath the table, and rising again to seize the material to advance it for another stitch. The claims of the patent were as follows: "The device in the sewing machine for feeding the cloth along, consisting of bar K furnished with points or notches, having a vertical or up and down motion for fastening the cloth upon, and releasing it from said bar by striking it against a plate, or spring F, and a lateral

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

motion, or motion forward and back, for feeding the cloth along after each stitch, substantially as set forth."

Geo. Gifford and E. W. Stoughton, for complainants.

Blatchford, Seward & Griswold, for defendants.

Before NELSON, Circuit Justice, and SMALLEY, District Judge.

NELSON, Circuit Justice. These suits are founded upon letters patent granted to W. P. N. Fitzgerald, dated December 19, 1854, as assignee, upon the invention and application of A. B. Wilson. The invention consists of an improvement of the feed motion of Wilson, embraced in his reissued patents, Nos. 346 and 414. The surface, moving the cloth by its intermittent motion to the needle, is caused to drop from the cloth, in its return to again seize it, and advance it for another stitch. The effect is to free the cloth from the surface in its return, with a view to again advance it.

The novelty of this improvement is disputed by the defendants. The proof carries back this invention by Wilson, that is, his conception of the idea and embodiment into a model, to April or May, 1850; and it was introduced into a working machine as early as 1852. The only improvement of the kind seriously claimed by the defense to be earlier than Wilson's is that of Leander W. Langdon. We have had occasion to examine the claims of this person, generally, as to the date of his invention of the feed motion in sewing machines, in a case between Potter & Wheeler against these parties, and to express our opinion on the subject. In respect to this particular improvement, it is quite clear, upon the proofs, that Langdon never embodied it into a machine till after the year 1852, and after he had seen it in one of A. B. Wilson's machines.

Several objections have been taken in this suit by the counsel for the defendants, independently of the question upon the novelty of the invention.

I. It is insisted that the plaintiffs, by their charter in the state of Massachusetts, are incapable of using the invention in New York, inasmuch as the charter confines their operations to the city of Boston and county of Suffolk, in that state. But we do not so construe this charter. Although a Massachusetts corporation, the right to manufacture the machines is general, and not confined to the limits of that state, and there is no prohibition upon it by the laws of New York. [Bank of Augusta v. Earle] 13 Pet. [38 U. S.] 519.

II. It is objected that the Wheeler & Wilson Manufacturing Company should have been made parties. This objection is founded upon a clause in the assignment of Fitzgerald, the patentee, to the plaintiffs, which is as follows: "Subject, however, to an assignment this day made by me, the said Fitzgerald, of the right to use said invention, concurrently with the said Grover, Baker & Co., unto the Wheeler & Wilson Manufacturing Company, to which, for the terms therein, reference is made." The answer to the objection is, that the Wheeler & Wilson Manufacturing Company are only licensees according to the recital under the patent, and therefore have no interest capable of affording the foundation of a suit.

III. The next objection is, that the Fitzgerald patent recites that "the operative parts of this machine, and its construction, are substantially the same as those described in letters patent,[2] bearing date June 15, 1852, granted to N. Wheeler, A. B. Wilson, A. Warren, and G. P. Woodruff." The defendants claimed the right on the hearing, to produce the patent of June 15, 1852, and to show, from the recitals in it, that the improvement in question had been assigned by Wilson to the four persons above mentioned. Hence, that Wilson had only one-fourth of the invention at the time he assigned to Fitzgerald, and that he acquired only this interest, and could convey no greater interest to the plaintiff.

This objection was not taken in the answers of the defendants, nor was it the subject of examination or inquiry before the examiner. As the patent of 1852 was not produced by the defendants before him, nor the facts stated in the recital referred to and relied on, the plaintiffs have had no opportunity for explanation; and even if the position of the counsel is well founded, it is impossible so to determine upon the proofs before us. The objection comes too late, as well as the production of the patent of 1852.

IV. It is further insisted that a device, described in a caveat filed by Wm. H. Johnson, November, 1848, and in a patent issued to him March 7, 1854, contained the principle of this improvement of Wilson. But it is only necessary to read the description, and examine the model of this machine, to see that the device has no resemblance to that of Wilson's in the improvement in question. Without further pursuing the examination in these cases, we are satisfied the plaintiffs are entitled to a decree for the infringement, and for injunctions, and that reference be made to a master to take an account.

[For other cases involving this patent, see note to Potter v. Whitney, Case No. 11,341.]

---

[2] [No. 9,041.]