Baker, District Judge.
The demurrer of the respondent to the complainants’ bill of complaint presents the sole question in this case. The sufficiency of the complaint hinges on the question whether a suit in equity for the infringement of a patent right is maintainable jointly by the patentee and a licensee, whose license confers no exclusive monopoly. An exclusive license, to the extent of the interest granted, is construed to be an equitable assignment, and clothes the licensee with an interest, sub modo, in the monopoly. “The only alienation which can carry the monopoly is that of an exclusive right, or of an undivided interest in the exclusive right to practice the invention, including the exclusive right to make, the exclusive right to use, and the exclusive right to sell, the patented invention.” Rob. Pat. § 807. The inventor of a new and useful improvement has no exclusive right to it until he- obtains a patent. This right is created by the statute and secured by the patent, and no suit can be maintained by the inventor against any one for using it before the patent is issued. The discoverer has a mere inchoate statutory right, which he may perfect and make absolute by proceeding in the manner which the law prescribes. Reeves v. Corning, 51 Fed. Rep. 774. The monopoly secured to the patentee is for one entire thing. It is the right of making, using, and vending to others to be used, the improvement he has invented, and for which the patent is granted, to the exclusion of all others. The monopoly did not exist at common law, and the rights which may be exercised under it must be regulated by the law of its creation. It is created by the act of congress, and no rights can be acquired in it unless authorized by statute, and in the manner therein prescribed. Gayler v. Wilder, 10 How. 477. The stat *227 ute provides that a patentee may assign the whole or any interest in the monopoly. Rev. St. U. S. 1878, § 4898. A suit may be maintained for the infringement of a patent in the name of the party interested either as patentee, assignee, or grantee. Id. § 4919. But, to enable the assignee to sue alone, the assignment must undoubtedly convey to him the exclusive monopoly which the patentee held in the territory specified, to the exclusion of the patentee and all others. To enable him to sue jointly with the patentee, the assignment must convey to him an undivided part of the monopoly in the territory where the infringement occurs. Any assignment short of this is a mere license. It has been well said that it was not the intention of congress to permit several monopolies to be made out of one, and to be divided among different persons within the same limits. Such a division would inevitably lead to fraudulent impositions upon persons who desired to purchase the use of the improvement, and would subject a party who, under a mistake as to his rights, used the invention without authority, to be harassed by a multiplicity of suits instead of one, and to successive recoveries of damages by different persons holding different portions of a patent right in the same place.
It has been uniformly held that a patentee and an exclusive licensee may join in bringing a bill to restrain an infringement of the patent right. The reason is that the exclusive licensee either owns the monopoly, or an undivided interest therein, within the territory specified, so that such license is tantamount to an assignment. It is different with a simple licensee. He has no exclusive right in any particular territory. The patentee may grant licenses at will to others. A simple license amounts merely to a waiver by the patentee of his right to the exclusive enjoyment of his monopoly in favor of such licensee. He acquires no exclusive right in the monopoly, within any specified territory. The patentee may, without infringing the rights of a simple licensee, grant licenses to others; or, if the patentee chooses, he may permit others to enjoy the patent right without license. If the patentee chooses to permit others to practice his invention without license, the simple licensee has no legal ground for complaint or interference. Sewing-Mach. Co. v. Sloat, 2 Fish. Pat. Cas. 112; Wyeth v. Stone, 1 Story, 275; Gayler v. Wilder, 10 How. 477; Nelson v. McMann, 16 Blatchf. 139; Hill v. Whitcomb, 1 Holmes, 317; Ingalls v. Tice, 22 O. G. 2160, 14 Fed. Rep. 297; Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. Rep. 244.
Language is used by the learned justice who delivered the opinion in the case of Birdsell v. Shaliol, supra, which might, on a casual reading, be thought broad enough to justify the maintenance of a joint bill by the patentee and a simple licensee. He says: “A suit in equity may be brought by the patentee and licensee together;” citing Gayler v. Wilder, supra, and Littlefield v. Perry, 21 Wall. 205. The language must be construed as applicable to the license then under consideration. The opinion shows that the judge was speaking about “an exclusive oral license.” It must be deemed settled,-both upon principle and author *228 ity, that a simple licensee has no such interest as to make him either a necessary or proper party to a bill filed to restrain the infringement of a patent right.
It is urged, if the law he as stated, that it may be gathered from the bill that the license in question was an exclusive one. It suffices to say that a careful consideration of the averments of the complaint precludes any such construction. The complaint fails to show that the parties joined as plaintiffs with the patentee have any exclusive interest in the monopoly. It is insisted, inasmuch as it is alleged in the bill that the respondent has been granted by the complainants a license to-manufacture lime glass chimneys, that it is estopped to say that they may not maintain a joint bill against it for manufacturing lead glass chimneys without a license. The respondent, if estopped at all, cannot be estopped beyond its license. It may be that Dithridge & Co. have acquired such an exclusive right in the patented invention, so far as relates to the manufacture of lime glass chimneys, that the patentee could not grant to the respondent a license to manufacture that sort of glass chimneys without his licensees joining in it. This concession, however, would by no means prove that Dithridge & Co. had an exclusive license for the manufacture of lead glass chimneys. Dithridge & Co. are not shown by the bill to have acquired, either by assignment or license, any exclusive right to practice the invention in the manufacture of lead glass chimneys. I have carefully examined all the cases cited by complainants’ counsel, and I find none which lend support to the complaint. The complaint being a joint one by two parties, one of whom has no interest, it follows that the demurrer must be sustained. When two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to-constitute a cause of action. Harris v. Harris, 61 Ind. 117, on page 129. The bill may be amended, if counsel is so advised, within 20' days, upon payment of all costs, to and including the filing of the amended bill; otherwise, at the expiration of 20 days, the bill shall stand dismissed, with costs, but without prejudice.