### WALLACH et al. v. WIGMORE.

(Circuit Court, E. D. Pennsylvania. April 2, 1898.)

TRADE-NAMES—INFRINGEMENT—SUITS—PARTIES—LICENSEE.
    No injunction can issue against infringement, on a bill to which an exclusive licensee (when there is one) is not a party.

This was a suit in equity by Leopold Wallach and Moritz Wallach against William H. Wigmore for alleged infringement of a trade-mark or trade-name. The cause was heard on a motion for preliminary injunction.

H. Gordon McCouch and R. C. Dale, for complainants.
Wm. Morris, for defendant.

DALLAS, Circuit Judge. There can be no property in any name or word, abstractly considered; and accordingly the bill in this case avers that it is by reason of the appropriation of the term "Phonendoscope" to identify a certain patented instrument that the alleged exclusive right to its use in connection with that article, or with any instrument closely resembling it, though not identical therewith, has been acquired. The trade-name claimed, and the right to deal in the patented article, must be united in the same person or persons, or there can be no valid title to the exclusive use of the former. Here, however, the proofs of the plaintiffs show that a firm which has not been made a party to the suit is the exclusive licensee of the plaintiffs, as respects both the patent and the name; and while it is true that a licensee, less than exclusive, should not be joined in a suit for infringement (Blair v. Glass Co., 52 Fed. 226), it is also true that an exclusive license is, in effect, a grant (Johnson Railroad-Signal Co. v. Union Switch & Signal Co., 59 Fed. 23), and that, therefore, no injunction can issue to restrain future infringements, upon a bill to which an exclusive licensee (if there be such a one) has not been made a party (Waterman v. Mackenzie, 138 U. S. 255, 11 Sup. Ct. 334). This is shown by several authorities which are cited upon the defendant's brief, but it is not necessary to mention any others than those to which I have referred. These cases all relate to pat-

ents, but they seem to me to be plainly applicable to the present one, especially in view of the fact that the name in question is claimed only as incidental to the monopoly granted by a patent, under which, as well as of the alleged name itself, a party not before the court is exclusive licensee. It follows that the complainants' motion for a preliminary injunction must be denied, and it is so ordered.