NEW YORK CONTINENTAL JEWELL FILTRATION CO. v. CITY OF
SULLIVAN.

(Circuit Court, D. Indiana. October 4, 1901.)

No. 9,994.

1. PARTIES—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE.

Rev. St. § 914, requiring federal courts to conform to the state prac-
tice in civil actions at law, does not authorize the maintenance of an
action at law, exclusively cognizable in such courts, by any one except
the owner of the legal title to the cause of action, notwithstanding a
state statute requiring all actions to be brought in the name of the real
party in interest.[1]

2. PATENTS—ACTION AT LAW FOR INFRINGEMENT—PARTIES.

Where the owner of a patent has granted an exclusive license to make
and sell, but not to use, the patented article within a specified territory,
an action at law against an infringer by using the article within such
territory can only be maintained in the name of the licensor, though it
may be brought for the joint use of the licensee where he is entitled by
the terms of the license to a share of the damages recovered.

At Law. On demurrer to amended complaint.

Bond, Adams, Pickard & Jackson, for complainant.

Miller, Elam & Fesler and John S. Bays, for defendant.

BAKER, District Judge. This is an action at law by the New
York Continental Jewell Filtration Company for the use of itself
and the O. H. Jewell Filter Company against the city of Sullivan to
recover damages for the infringement of letters patent No. 293,740,
issued to Isaiah Smith Hyatt on the 19th day of February, 1884, for
certain new and useful improvements in the art of filtering. The
complaint shows that by various mesne conveyances the entire right,
title, and interest in and to said letters patent became vested in the
plaintiff on the 5th day of August, 1896. The complaint further
shows that on or about the 21st day of February, 1898, the plaintiff
entered into a certain contract or agreement in writing with the
O. H. Jewell Filter Company, a corporation organized and doing
business under the laws of the state of Illinois, in which, among other
things, it was provided that the plaintiff, upon certain terms and con-
ditions in said contract specified, granted to the O. H. Jewell Filter
Company an exclusive license to make and sell machines embodying
and containing the invention described in the claims of said Hyatt
patent for the entire term of said patent throughout the United
States, except the New England States, New York, New Jersey,
Pennsylvania, Maryland, Delaware, Virginia, the District of Colum-
bia, West Virginia, North Carolina, South Carolina, Florida, Geor-
gia, Alabama, and Mississippi, whereby, and by reason of which said
instrument in writing, said O. H. Jewell Filter Company became
the exclusive licensee under said letters patent granted to said Hyatt
for the entire United States except the states above excepted. It was
in said agreement provided that, in case any litigation thereafter

[1] Conformity of practice to that of state courts, see notes to O'Connell v.
Reed, 5 C. C. A. 594; Insurance Co. v. Hall, 27 C. C. A. 392.

arose upon the said Hyatt patent against any infringer thereof, said suit should be conducted at the joint and equal expense of the plaintiff and the O. H. Jewell Filter Company, and in case of the recovery of any damages in any such litigation such damages thereafter recovered should be equally divided between the plaintiff and the O. H. Jewell Filter Company. The complaint further alleges that the plaintiff is the sole owner at law of all claims and demands of every kind and nature whatsoever growing out of any infringement of said letters patent during the lifetime of said letters patent, subject only to the right of the O. H. Jewell Filter Company to assist in the conducting of any litigation arising out of any infringement of said letters patent, and to share equally any damages that might arise therefrom or be recovered therein. The complaint further alleges that the defendant, contriving to injure the plaintiff, and in violation of the plaintiff's rights, within six years immediately last passed, and during the lifetime of the patent, and before the execution of the license as aforesaid to the O. H. Jewell Filter Company, wrongfully and unlawfully, and without the authority, license, or consent of the plaintiff, made use of the said invention patented as aforesaid by erecting and causing to be erected in the city of Sullivan a filter plant containing and embodying the invention described and claimed in said letters patent, and by constructing or causing to be constructed the said filter plant containing, embodying, and employing the invention in said letters patent described and claimed, and by making use of the said filter plant containing, embodying, and employing the invention of said letters patent aforesaid; thereby infringing the exclusive right secured by said letters patent, owned by the plaintiff as aforesaid, contrary to the statute. The plaintiff demands judgment in the sum of $50,000, and prays that under the statute he may have such additional amount, not exceeding three times the aggregate amount of actual damages, as the court may see fit to adjudge, and for costs. To this amended complaint the defendant, the city of Sullivan, has interposed a demurrer alleging that said amended complaint does not state facts sufficient to constitute a cause of action. In argument the objection pointed out is that the Jewell Company has an equal interest in the cause of action with the plaintiff, and ought to have been joined as a coplaintiff. It is urged by counsel for the defendant that the statute of Indiana requires actions at law to be prosecuted in the name or names of the real parties in interest, and that the real parties in interest here are the two above-named corporations. The rule suggested, even in cases cognizable in the courts of the state, is not a universal one, as will be seen by reference to the case of Steeple v. Downing, 60 Ind. 478. In that case the Downings were the owners of the naked legal title to the land in controversy, and one John Weston was the owner of the entire title in equity by virtue of a deed of conveyance made to him before the commencement of the suit by the Downing heirs, the land at the time of the conveyance being in the adverse possession of Steeple and wife. In this case it was held by the supreme court of the state that the action was well brought in the name of the Downings, the holders of the legal title, notwithstanding the fact that John

Weston was the owner of the entire equitable title to the land in controversy, and would alone be entitled to the fruits of the recovery. But, however the rule may be in the courts of the state, section 914 of the Revised Statutes of the United States, requiring conformity of practice of the federal courts in actions at law with the practice in the courts of the state, does not compel, or even authorize, the maintenance of an action at law by any one except the owner of the legal title in cases exclusively cognizable in the courts of the United States. In this case the complaint shows that the legal title is in the plaintiff, and that the O. H. Jewell Filter Company is simply a licensee. The terms of the agreement invest the O. H. Jewell Filter Company with the right to make and sell throughout the designated territory, but confers upon it no right whatever to use the patented invention. In the case of Waterman v. McKenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923, it is held by the supreme court that an agreement by which the owner of a patent for an invention grants to another person the sole and exclusive right and license to manufacture and sell the patented article throughout the United States (not expressly authorizing him to use it) is not an assignment, but a license, and gives the licensee no right in his own name to sue a third person at law or in equity for an infringement of the patent. This complaint shows that the whole legal title to the patent in suit remains in the plaintiff, and the plaintiff is the only party entitled to maintain an action at law for the infringement of the patent. The rule is well and accurately stated in Walk. Pat. (3d Ed.) § 400, as follows:

"Where a person has received an exclusive license to use or to sell a patented invention within a specified territory, all actions at law against persons who, without right, have done anything covered by the license, must be brought in the name of the owner of the patent right, but generally for the use of the licensee."

See, also, Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577; Goodyear v. McBurney, 3 Blatchf. 32, Fed. Cas. No. 5,574; Blair v. Lippincott Glass Co. (C. C.) 52 Fed. 226.

The agreement in this case is alleged to have conferred simply the right to make and sell the patented invention. The right to use the patented invention is not parted with by the plaintiff, but it still remains the owner of the right to use the patented invention. The wrong charged in the complaint is in the use of the patented invention. It is a wrong done to the right of use remaining in the plaintiff, and which never was transferred to the O. H. Jewell Filter Company.

For these reasons the demurrer is overruled, to which the defendant excepts.