## BROOKFIELD v. NOVELTY GLASS MFG. CO.

(Circuit Court of Appeals, Third Circuit. June 1, 1909.)

No. 7, October Term, 1908.

1. PATENTS (§ 286*)—SUITS FOR INFRINGEMENT—DAMAGES RECOVERABLE.

The individual owner of a patent suing for its infringement for himself alone cannot recover damages sustained by reason of the infringement against a corporation licensee in which he is a stockholder, such damages being recoverable only in a suit by or on behalf of the corporation.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. § 286.*]

2. PATENTS (§§ 286, 310*)—PLEADING (§ 236*)—APPEAL AND ERROR (§ 959*)—SUIT FOR INFRINGEMENT BY OWNER—DAMAGES TO NONEXCLUSIVE LICENSEE—PLEADINGS—AMENDMENT AFTER PROOFS—DISCRETION OF COURT.

While, no doubt, the damages suffered by the nonexclusive licensee by sufferance of a patent, by reason of its infringement, must be recovered, if at all, by the owner of the patent prosecuting in behalf of such licensee, yet, where a bill apparently proceeds in the interest and for the benefit of the owner alone, nothing by way of damages can be claimed thereunder on such licensee's account. There should be something in the bill to indicate it, both on the ground of estoppel and notice, if that is to be the case; and the refusal to allow an amendment to meet this, after the proofs are all in, while not necessarily too late on that account, is within the discretion of the court below, with which, under all the circumstances in this case, the appellate court will not interfere.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 455; Dec. Dig. §§ 286, 310;* Pleading, Cent. Dig. § 601; Dec. Dig. § 236;* Appeal and Error, Cent. Dig. §§ 3825–3833; Dec. Dig. § 959.*]

3. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—SUPPLEMENTAL BILL TO CHARGE OFFICERS OF CORPORATION.

The granting of leave to the complainant in a suit for infringement against a corporation to file a supplemental bill to charge the officers of the corporation with personal liability for the profits recovered, on the ground that they fraudulently disposed of the property of the corporation to evade payment, is within the discretion of the court, and its action in refusing such leave will not be disturbed by the appellate court, complainant having a complete remedy by an independent creditors' bill.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 170 Fed. 830.

John G. Johnson and Robert N. Kenyon, for appellant.

Joseph C. Fraley and Walter H. Bacon, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and ARCHBALD, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ARCHBALD, District Judge.   The cross-appeal of the complainants brings up the question of damages, which the court below denied. It is contended that the Brookfield Glass Company, of which William Brookfield, the complainants' testator and owner of the patent, was the controlling stockholder, the glass company being his licensee, was equipped to take care of the demands of the market of which it was deprived by the defendants' infringement, and that the complainants, suing not only for themselves but in its behalf, are entitled to recover by way of damages what the glass company would have made on the 7,500,000 insulators which the defendants manufactured and sold during the time of their infringement, amounting to $45,514.26, as found by the master; as well as the losses incurred by that company for the same period by the reduction in profits on those which it did make, due to the competition of the defendants, amounting to $9,186.82—making a total claim of $54,701.08.   But unfortunately for the claimants, there are several things which stand in the way.   In the first place, it is by no means certain, nor even reasonably probable, that, if the defendants had not been in the market, the glass company would have got the orders which the defendants filed, the Hemingray Glass Company having also to be reckoned with, who no doubt would have got a share, the amount of which no one with any degree of approximation can say.   But more than this, it was the Brookfield Glass Company, in any event, that was damaged, with which Mr. Brookfield individually had no concern.   It may be that he failed by just so much of what he otherwise would have got in dividends, and that this would have been quite considerable, holding 1,370 out of a total of 1,500 shares, as he did.   But the distinction between corporation and stockholder, already recognized in another connection for the complainants' benefit, being preserved, he would not be entitled to assert as his own the profits lost to the company, nor to claim his unapportioned share of them, whatever that might be.

It is said, however, that the glass company was a non-exclusive licensee by sufferance, and that the damages which it suffered by the infringement must be recovered, if at all, by Mr. Brookfield as owner of the patent prosecuting in its behalf.   This, no doubt, is the law. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768.   But it does not necessarily dispose of the case.   Neither is it ruled by Yale Lock Company v. Sargent, 117 U. S. 552, 6 Sup. Ct. 934, 29 L. Ed. 954; where the owner of the patent was allowed to recover damages to a partnership of which he was a member, to which, having a direct interest in the whole, he no doubt had the right.   Nor is Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664, applicable, there being no proof there that any one beside the plaintiff had any interest legal or equitable in the patent, and the question being not as to the plaintiff's damages, but the defendants' profits, which the plaintiff was held entitled to recover, no matter to whom they were eventually to go.   It is not as though suit were brought in the present instance for the benefit of the Brookfield Glass Company as licensee, or for the joint benefit of that company and the owner of the patent. So far as appears, the bill proceeds in the interest and for the benefit of the owner of the patent alone, and it is not at this stage to be trans-

formed into something else. It is only where the licensee, exclusive or nonexclusive, is in fact, in whole or in part, the beneficial party, that anything can be claimed by way of damages on his account. And it should be made clear in some way that recovery is sought on the strength of it, if that is to be the case. Indeed, without some such averment in the bill, we have no record by which either the owner of the patent or the licensee is bound, and with the relation so loose as it is said to have been here, and as is true in the case of every licensee by sufferance, it is all the more necessary for the purpose of notice and estoppel that the defendants should be apprised of what they are to meet, and the complainants put on record what they intend to claim. Even, therefore, if the Brookfield Glass Company, as a mere licensee, could not be made a party (Blair v. Lippincott Glass Company [C. C.] 52 Fed. 226), which we do not undertake to decide, we cannot resist the conclusion that, if anything by way of damages is to be recovered on its account, there should have been something in the bill to indicate, if that was indeed the case, that it was prosecuted in part in its behalf; and that, without this, the owner of the patent, proceeding to all intents and purposes for himself alone, is to be confined to the damages which he has himself received, of which those of his licensee are not a part.

Feeling the stress of this, or at least to obviate it, a motion was made to amend the bill in this respect, the refusal of which is assigned for error here. But the amendment was applied for after the proofs were all in, and, while not necessarily too late because of that, it was within the discretion of the court to refuse or allow it, and we see no occasion to interfere with what was done. Nor is this all that there is to be said. As just stated, at the instance of the complainants, we held, on the defendants' appeal, that Mr. Brookfield was not to be identified with the Brookfield Glass Company, so as to make him answerable here for the combination in restraint of trade, in which the glass works was involved, as there shown; and if now, disregarding the state of the record, we recognize 'the suit as nevertheless proceeding for the damages to that company, it will be necessary for the sake of consistency, if nothing else, to go back and revise the conclusion reached on the strength of it, that, being brought by Mr. Brookfield and not by the glass company, it was immaterial whether there had been an unlawful combination to enhance prices, the evidence of which was chargeable to the company alone. Following this out also, the conduct of the company by which the profits lost to it, which are now claimed as damages, were made possible in the face of the statute, will also have to be looked into, as well as the means taken, by the cutting of the prices of those insulators which the defendants particularly dealt in, whereby, as it is charged, the defendants were driven out of the business. In so identifying Mr. Brookfield with the glass company as a party to the agreement which was entered into in its name to restrict production and put up prices, it may be further necessary to inquire whether, in treating with the defendants in that way and drawing them into the combination, knowing that they were making use of the invention, there was not an implied sanction or license to use the invention, which they would be entitled to set up. All things

considered, therefore, it is doubtful whether it would profit the complainants to break down the distinction which has so far been recognized between Mr. Brookfield and the company, and throw these matters into controversy, the result of which it would be difficult to presage. And, while we are not to be influenced by matters of policy which do not concern us, we may well decline to vary from what we have already decided at the instance of the complainants, in order to correct a supposed error for their benefit, when it is so little likely to do them any good.

The complainants also asked leave to file a supplemental bill to hold the several members of the defendant company individually. It is charged that, anticipating the outcome of this litigation, and for the purpose of avoiding it, these parties deliberately disposed, as directors, of all of the tangible assets of the company, paying themselves exorbitant salaries, which absorbed the profits and left the concern practically bankrupt; and that, finally, default was allowed in the payment of interest on the mortgage which had been given on the company's plant, although there was abundant means to meet it, which resulted in a foreclosure and sale by which the company was stripped of the last vestige of its property. But the allowance of a supplemental bill is largely a matter of discretion, and entirely outside of it there is a complete means of redress. If the individual members of the company have acted in the way that is charged, there can be no question that a new and independent suit, in the nature of a creditors' bill to hold them personally, can be maintained. 10 Cyc. 665. Jackson v. Ludeling, 21 Wall. 616, 22 L. Ed. 492; Weston Electrical Company v. Empire Electrical Company (C. C.) 166 Fed. 869. And the complainants may well be remitted to the pursuit of that remedy, instead of being given leave to file a supplemental bill.

The decree is affirmed.