**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT**

v.

**Sylvia DREER and Morton Dreer, individually and doing business as Continental Imported Cars, and as Continental Imports.**

**Civ. A. No. 33577.**

United States District Court
E. D. Pennsylvania.
Nov. 20, 1963.

---

**745**

Hart, Childs, Hepburn, Ross & Putnam, Philadelphia, Pa., for plaintiff.

Blank, Rudenko, Klaus & Rome, and Silvers, Rosen, Sherwin & Seltzer, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

Plaintiff commenced this action pursuant to provisions of the Lanham Act, 15 U.S.C.A. § 1114 et seq. (hereinafter referred to by the section number of 15 U.S.C.A.). Plaintiff, a German corporation, is the manufacturer of Volkswagen automobiles and the owner-registrant of various distinctive trademarks identified with those automobiles. Defendants are individuals engaged in the sales and service of new and used automobiles, but they are not a franchised Volkswagen dealer.

The plaintiff complains that the defendants use plaintiff's registered trademarks without authorization and such use constitutes a trademark infringement. Plaintiff alleges that the defendants are also engaging in unfair competition with plaintiff, its importer, distributors and dealers. The relief sought

is an injunction, the profits defendants earned from the unauthorized use of plaintiff's trademarks, and plaintiff's costs and counsel fees.[1] Defendants filed a Motion to Dismiss (Document 5), claiming that the importer, distributors, and dealers are indispensable parties and, without them, the Complaint must be dismissed.

Section 1114 provides:

"(1) Any person who shall, without the consent of the registrant—

"(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; \* \* \*

"shall be liable in a civil action by the registrant for the remedies hereinafter provided. \* \* \* "

■ There is no doubt that plaintiff is the registrant of this trademark. The question is whether plaintiff may maintain this action, without joining the importer, distributors and dealers. The court thinks it may.

■ The cases arising under § 1114 have required only registration of the trademark as a prerequisite for maintaining an action.[2] That registration is all that is required is reinforced when the purposes of this section are considered, i. e., protection of the property right in the trademark, preservation of the owner's good will, and the prevention of deception upon the public.[3] It appears that,

---

1. In the original prayer for relief, plaintiff requested "further or different relief as the court deems proper." In a subsequent amendment (Document 6), this request was dropped.

2. Armstrong Paint & Varnish Works Co. v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195 (1938), rehearing den. 305 U.S. 675, 59 S.Ct. 356, 83 L.Ed. 437; Perry v. American Hecolite Denture Corporation, 78 F.2d 556 (8th Cir. 1935);

Automatic Washer Co. v. Easy Washing Machine Corp., 98 F.Supp. 445 (S.D.N.Y. 1951).

3. Baker v. Simmons Company, 307 F.2d 458 (1st Cir. 1962); Mishawaka Rubber & Woolen Mfg. Co. v. Panther-Panco Rubber Co., 153 F.2d 662 (1st Cir. 1946); Eastern Wine Corporation v. Winslow-Warren, Ltd., 137 F.2d 955 (2nd Cir. 1943), cert. den. 320 U.S. 758, 64 S.Ct. 65, 88 L.Ed. 452.

even if the importer, distributors and dealers were parties, as defendants contend they should be, their inclusion would not effectuate any of the purposes of this Act.

Various tests and definitions have been formulated to determine whether or not parties are indispensable within the meaning of F.R.Civ.P. 19. The most commonly accepted definition of indispensable parties is:

"Persons who * * * have an interest * * * of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." [4]

The Third Circuit has formulated the following tests:

" * * * (1) Is the interest of the alleged indispensable party such as will be directly affected legally by the adjudication? (2) Will the failure to join the alleged indispensable party be inconsistent with equity and good conscience." [5]

▆▆▆ Plaintiff's Complaint, based on § 1114, seeks the relief provided in 15 U.S.C.A. §§ 1116 and 1117. Since only the registrant of the trademarks can pursue these remedies, it is difficult to see how the importer, distributors or dealers (who are not owners or registrants of these trademarks) could have

their interests affected by the result of this litigation. This latter group (importer, distributors, etc.), if the plaintiff's allegations are true, may have a cause of action for unfair competition, a tort quite separate and apart from plaintiff's cause of action under §§ 1114 et seq., which is based on a statute.[6] On this record, it does not appear that failure to join those described by the defendants as indispensable parties would be inconsistent with equity and good conscience. If anything, exactly the opposite would result, many parties who have no interest in the trademarks would be in the record, and their presence would not aid in the disposition of this action. Practical considerations are used in the determination of indispensable parties.[7]

Defendants' contention that the sole importer is an exclusive licensee and, hence, an indispensable party is rejected. On this record, the contention that the importer is an exclusive licensee has not been established.[8] For this reason, Wallach v. Wigmore, 87 F. 469 (C.C.E.D.Pa. 1898), is not applicable.

### ORDER

And now, November 20, 1963, after consideration of the above Motion, the letter of November 5, 1963, docketed as Document 6, briefs of counsel, oral argument, and the record, it is ordered that defendants' motion to dismiss (Document 5) is denied.

4. Shields v. Barrow, 17 How. 129, 58 U.S. 129, 139, 15 L.Ed. 158 (1855).

5. McArthur v. Rosenbaum Co. of Pittsburgh, 180 F.2d 617, 621 (3rd Cir. 1950).

6. House of Westmore v. Denney, 151 F.2d 261 (3rd Cir. 1945). It is unnecessary to decide whether the importer, distributors, etc., are indispensable parties to the alternative unfair competition claim in the Complaint, but on this record, defendants have not sustained their burden of showing that members of such

group are indispensable parties to the alternative unfair competition claim.

7. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955).

8. The Complaint does not allege that the sole importer is an exclusive licensee and the language in paragraph 10 of the Complaint would not preclude a reservation by plaintiff of the right to grant authorizations to use the trademarks to distributors and retail dealers, although such right had apparently not been exercised at the time of filing the Complaint.