Middleton, J.
On June 23, 1920, present defendant in error, Alice R. Ruthrauff, instituted an action for divorce against plaintiff in error, William M. Ruthrauff, in the common pleas court of this county. On the 26th day of June an amended petition was filed by the plaintiff, and, as we understand it, an affidavit for service by publication was filed and certified copies of the petition and amended petition *215 were mailed by the clerk of the courts to Ruthrauff at his apartments, 22d and Chestnut streets, 'Philadelphia, Pennsylvania. At the same time a sum-, mons for Ruthrauff was issued to the sheriff of this county, which summons, on July 5, 1920, together with copies of the petition and amended petition, were served on him by a deputy sheriff of this county while he, plaintiff in error, was passing through Allen county, Ohio, as' a passenger on a railroad train en route from Philadelphia, Pennsylvania, to Chicago, Illinois. On July 2 an application for temporary alimony was filed by the plaintiff, which application was heard on July 15, at which time the court ordered:
“That the defendant pay to the plaintiff forthwith the sum of $250 for her maintenance for the month of July, 1920; and it is ordered that the defendant pay forthwith to the plaintiff the sum of $250 per month on the first day of each and every month, commencing the first day of August, 1920, for her maintenance.
. “It is further ordered that the defendant pay to the plaintiff forthwith the sum of $9,000 for expenses in prosecuting this action. Said allowance not being final, but a partial allowance.”
On July 14, 1920, the plaintiff in error, entering his appearance for that purpose only, filed his first motion to quash the service of summons made in Allen county, on the ground that such service was without legal authority and invalid. Two affidavits were filed in support of this motion, each stating in substance that the plaintiff in error, William M. Ruthrauff, was not a resident of the state of Ohio, but resided in the city of Philadelphia, state of Pennsylvania, and had established a residence in that *216 city. - A second motion to quash said service of summons made in Allen county was filed on July 19, upon the same grounds and supported by practically the same evidence contained in the former affidavits filed with the original motion to quash. Both motions were overruled by the court on August 2, 1920.
On August 4, 1920, the plaintiff in error filed his third motion in said court and moved the court to set aside and vacate the order granting alimony pendente lite, expenses and attorney fees as aforesaid, for the reason that no valid or legal service of summons was had upon him to bring him within the jurisdiction of the court, he being a non-resident of the state of Ohio. In this motion the plaintiff in error also expressly stated that he entered his. appearance for the purposes of the motion only.
On August 7, 1920, the plaintiff filed a motion to strike this third motion from the files, and on August 15 this motion of plaintiff was sustained and the plaintiff in error’s motion to vacate the order granting alimony pendente lite, expenses and attorney fees was stricken from the files.
These proceedings are prosecuted by a petition in error filed August 16,1920, which sets forth as error all of the foregoing rulings of the court of common pleas upon the different motions so filed.
A motion to dismiss the petition in error is submitted, in which it is contended, first, that the petition in error is too indefinite; and, second, that the orders from which error is prosecuted were and are not final orders. At a former hearing on this motion to dismiss the petition in error this court held that the ruling of the court in overruling the first two motions was not a final judgment, and therefore not the subject of a proceeding in error. This rul *217 ing, however, eliminated only two of the grounds of error complained of in the petition in error, and there yet remains to be considered the complaint in respect to the order of the court in sustaining the motion of the plaintiff below to strike from the files the motion of the defendant to set aside the order and judgment for alimony pendente lite, expenses and attorney fees.
It is admitted that the allowance of temporary alimony is a final order which may be reviewed on error. (Reed v. Reed, 17 Ohio St., 563; King v. King, 38 Ohio St., 370.) It is held in Greene v. Woodland Ave. & West Side Street Rd. Co., 62 Ohio St., 67, that the filing of a motion to vacate a judgment which was rendered without proper service of summons, and the appearance being for that purpose only, does not enter an appearance to the ac; tion. Under these authorities we must conclude that the plaintiff iii error adopted the proper procedure to have the allowance for temporary alimony vacated; and it is immaterial upon what grounds, or in what manner, the court of common pleas disposed of the motion. The effect of the court’s action was to foreclose the plaintiff in error’s right to any further attack on the judgment for temporary alimony and to make that judgment a finality. The motion to dismiss the petition in error is overruled.
It is contended by the plaintiff in error that the motion to vacate the judgment for alimony pendente lite should have been sustained because there is no provision in the law of this state in respect to personal service on a non-resident such as was made in this ease, and there was arid is no authority for the service of summons by the sheriff of this county on a defendant found in Allen county.
*218 Séctións 11983 and 11984, G-eheral Code, provide as follows: '
“Sec. 11983. When the defendant is a resident of this state, the clerk shall'issue' a summons, directed to the sheriff of the county in which he or she resides or is found, which; together with a copy of the petition shall be served on him or her at least six weeks before the hearing of the cause.”
£ £ Sec. 11984. If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other eases. Unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence b¿ ascertained, a summons and copy of the petition, forthwith on the filing of it, shall be deposited in. the post-office, directed to the defendant at his place of residence.”
It is an elementary rule of construction that the provisions of a special statute relating to a particular subject or proceeding control over the provisions of a law of general application, although the particular subject or proceeding in the first instance may be within the scope of the provisions of the general law. A review of the authorities in general leads us to the conclusion that this rule has been applied with great strictness, and this is particularly true of the laws of different states providing for service of summons on non-residents of the state. This is so because the power of the state is. limited to the control of its own subjects, and that control does not pass beyond the limits of the state. It is well settled that a personal judgment may not be rendered in a state court against a non-resident of the state unless there has been a personal service *219 of process on him within the state, or he has voluntarily entered his appearance in the action, and in case of a service by publication no personal judgment may be rendered. It is held in the case of Pennoyer v. Neff, 95 U. S., 714, that:
“Process from the tribunals of one State cannot run into another State, and summon a party there domiciled to respond to proceedings against him; and publication of process or of notice within the State in which the tribunal sits cannot create any greater obligation upon him to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability.”
Manifestly, if oné of the parties in a divorce suit is a non-resident of the state, the power of such state primarily is limited solely to the control of the status of the parties, and in such a case the action is essentially a proceeding m rem. For this reason our statutes provide no means or method for personal service on non-residents in such an action. If, therefore, we apply the rule of construction as before observed, we must conclude that the sections of the Code aforesaid are exclusive and provide the only legal method for service of summons in such proceedings. If no personal service on non-residents is provided for by the statute, none may be made on them as such. But we are not without authority in this state for this conclusion, based upon other reasons.
In the case of Harter v. Harter, 5 Ohio, 319, the supreme court committed itself to the proposition that a strict construction must be given to the law of divorce, and that an applicant for a divorce must bring himself or herself “within both the letter and *220 the spirit of the law,”' In that case the petitioner resided in the county of Delaware and the defendant in the county of Perry, and. a summons was directed to the sheriff'of Perry county for. the defendant, which was by such sheriff duly served and returned: No copy of the petition was delivered to the defendant. The law then provided that if the defendant did'not reside in the county where the action was instituted public notice should be given in a newspaper in the state for three months. This “public notice” was not given. It was held that the parties twere not-properly before the court.
•In-another case in the supreme court, that of Ferrel v. Ferrel found in 1 Ohio Dec. Rep., 135, 2 W. L. J., 427, the court holds as follows:
“Defendant lives in Clark county, Ohio. His counsel acknowledged service more than six weeks before the term, and filed his answer. Held, that the. statute requiring either personal service or advertisement, is peremptory, and cannot be dispensed with.”
Coming down to more modern rulings on this subject, in the cáse of Millis v. Millis, 17 N. P., N S., 254, it was held that the defendant, who was in another state on military duty, and therefore not within any of the provisions of the statute, could neither be served personally nor by publication.
In Stewart v. Stewart, 20 N. P., N. S., 184, it is held:
“Where the defendant in an action for alimony is a non-resident, service of summons must be by publicátion, and a motion lies to set the service aside where the return shows that it was personal and not by publication. ’ ’
*221 In the same report, at page 605, in the case of Edwards v. Edwards, Judge. Kinkead. of the Franklin county court of common pleas held that the provi-, sions of .divorce statutes are mandatory and must be complied -with, and that service of summons in such cases cannot be waived.
In DeWitt v. DeWitt, 67 Ohio St., 340, it is- said by the court that courts in Ohio have no general equity jurisdiction in suits for . alimony and that the only, jurisdiction the courts of this state have .in such matters is such as is. given by the statute;
In view of these considerations and authorities we are impelled to conclude that Sections 11983 and 11984, supra, are mandatory and the pretended service of summons in this case, was unauthorized, illegal and without effect.
It is urged, however, by the defendant in error that this construction of the statute would lead to results inconsistent with the due administration of law, that a defendant might become a non-resident of the state and then return to his former , domicile, where he would be secure from, personal service, in a "divorce proceeding.. We do not hold that personal service may not.be made .upon a non-resident, if- he is within this state. The rule is well established that all persons who are found within the territorial limits of a state, whether their residence is permanent or temporary, may be considered as subjects of such state in respect to the jurisdiction of the court. (Story on Conflict of Laws [7 ed.], Section 541.) So in the instant ease, when Ruthrauff entered the state of Ohio he subjected himself to the laws of this state in respect to the service of summons. His status thereby became the same as that of a resident of the state. He then became subject to the law of *222 the state to the same extent and in the same manner as a resident thereof. Therefore, if he had been served as the statute prescribes in the case of a resident, that is, if the summons had been issued to the sheriff of Allen county, where Ruthrauff was found, as directed by Section 11983, supra, and had been served by the sheriff of that county, we would not hesitate to hold such service valid and binding.
The court of common pleas should have sustained the motion of plaintiff in error to vacate the judgment for alimony pendente lite, expenses and attorney fees, and the judgment of that court in striking said motion from the files is reversed.
Judgment reversed and cause remanded to the court of common pleas for further proceedings according to law.

Judgment reversed.

Hughes and Sayre, JJ., concur.
(Hughes, J., of the Third Appellate District, and Sayre and Middleton, JJ., of the Fourth Appellate District, sitting in place of Judges Allread, Ferneding and Kunkle, of the Second Appellate District.)