ELMER JACOB BOOK, Plaintiff and Respondent,

v.

MARY J. BOOK, Defendant and Appellant.

(No. 2264; Sept. 28, 1943; 141 Pac. 2d 546)

424

For the plaintiff and respondent there was a brief and oral argument by M. S. Reynolds of Cheyenne, Wyoming.

For the defendant and appellant there was a brief and oral argument by C. E. Lane of Cheyenne, Wyoming.

## OPINION

RINER, Justice.

A petition was on January 22, 1942 filed in the District Court of Laramie County by Elmer Jacob Book, the respondent here, seeking a divorce from Mary J. Book, now the appellant. An amended petition was subsequently on March 23, 1942 filed by the plaintiff and this pleading was met by an answer and cross-petition filed July 30, 1942 by the defendant wherein she sought "a legal separation from plaintiff and permanent alimony, attorney's fees, and suit money." The defendant also asked that she be given "the legal custody and guardianship of their daughter, Mary Rita Book" and a monthly allowance for the support and education of said daughter as well as other relief. Plaintiff thereafter filed his reply to this answer and cross-petition; the cause, as we understand the record and as stated by the parties, is now at issue.

Plaintiff and defendant were married in the State of Colorado about June 14, 1920 and have two children, Elmer J. Book, born June 3, 1921 and Mary Rita Book, born May 18, 1924 as stated in defendant's answer. There is some dispute about the date of birth of the

daughter, the plaintiff asserting that the year of her birth was 1923.

On February 21, 1942 the defendant filed a motion with supporting affidavit seeking an order directing the plaintiff to provide the defendant with temporary alimony, support money for herself and the daughter aforesaid, litigation expense money, and for reasonable attorney's fees. July 24th following, that motion was heard by the court and on that date overruled, the defendant reserving her due exception to the court's action in the matter. No attempt was made to have this ruling reviewed here, no notice of appeal being given as required by law.

Six days later and on July 30, 1942 the defendant filed another motion also with supporting affidavit designated therein "motion for Reconsideration" whereby she renewed her request for an order that plaintiff be required to provide temporary alimony, support money for the daughter, expense funds for the suit and attorney's fees and that in default of his obeying such order thus sought the cause be continued so far as the matter of the trial thereof was concerned until the defendant supplied these funds. This motion was on September 21, 1942 heard by the court and an order entered on the 28th of that month denying said motion. The defendant thereafter and on September 30, 1942 served and filed a notice of appeal relative to both the aforesaid orders, the one made July 24, 1942 as well as the one made September 28 following. No transcript of testimony appears in the record although from the order made September 28, 1942 it is evident that some oral testimony was taken on the hearing of each motion.

The respondent has filed in this court a motion to dismiss the appeal upon the grounds, to give them briefly and in substance, that the order of July 24 aforesaid was (a) not a final order, was within the

discretion of the trial court and the appeal therefrom was "not taken within the time limited by statute; (b) that the order of September 28, 1942 also was not a final order and was within the discretion of the trial court; (c) that the testimony on which these orders were made is only partially in the record, viz., that part submitted on written affidavits; and (d) neither a judgment nor a final order was rendered by the trial court, "the case being at issue" there.

The first sentence of Section 89-4803 W. R. S. 1931 provides that:

"A judgment rendered or final order made by the district court may be reversed in whole or in part, vacated or modified by the supreme court for errors appearing on the record."

and Section 89-4801 entire reads:

"An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment, is a final order which may be vacated, modified or reversed, as provided in this article."

These statutory directions appear in article 48 W. R. S. 1931 of Ch. 89 which article deals with the "Proceedings in Error" method of review. But the same rules prevail relative to the "Direct Appeal" method as well for Section 89-4901 declares:

"No proceedings in error shall be necessary to present for review in the supreme court any judgment or order heretofore removable thereto by such proceedings in error, but any such judgment or order may be therein reviewed by direct appeal, and the words 'proceedings in error,' where used in the laws of this state, shall be held to mean and include 'appeal'."

So the question arises whether an order denying a wife alimony, suit money, and attorney's fees is an ap-

pealable order within the provisions of Section 89-4801, supra, for if it is not, then it is not easy to perceive why a ruling declining to reconsider the action of the court thereon should nevertheless be regarded as reviewable.

The case of Earls v. Earls, 26 Kan. 178, was one for divorce where the judge of the district court made an order allowing the plaintiff wife certain stated sums of money for support and suit expense. Upon the defendant husband's undertaking to bring the order before the Supreme Court of Kansas for review by proceedings in error, the court unanimously held that an order for alimony pendente lite could not so be brought up "before the final disposition of the action" in the trial court, Mr. Justice Brewer, delivering the opinion of the court as follows:

"The single question in this case is, whether an order of the district court granting alimony, *pendente lite,* is reviewable in this court in proceedings in error, before the final disposition of the action in the district court. This question must be answered in the negative. Section 542 of the code prescribes what rulings and decisions of the district court may be reviewed in this court. The only clauses that can be supposed to have any application to this question are the first and third, which authorize this court to review a 'final order,' and also 'an order that involves the merits of an action, or some part thereof.' The order for temporary alimony is not a final order within the definition of such order given in § 543. Neither is it an order involving the merits of the action, or any part of it. It is simply an order preparatory to the trial, making provision for the trial. Its force is spent before any trial is had or any decision reached upon the merits of the case. The petition in error must therefore be dismissed."

The sections of the Kansas Code mentioned in the foregoing opinion are phrased thus:

Section 542. "The supreme court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record; and in the reversal of

such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof; *First,* A final order. *Second,* An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms, or refuses to confirm, the report of a referee; or that sustains or overrules a demurrer. *Third,* An order that involves the merits of an action, or some part thereof."

Section 543. "An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

The section last quoted is, it will be seen, identical with Section 89-4801 W. R. S. 1931, supra, while Section 542 has in it in part substantially the same material as appears in the first sentence of Section 89-4803 W. R. S. 1931, supra.

In State ex rel. Blackaby v. Cullison, Judge, 31 Okla. 187, 120 Pac. 660, a proceeding in mandamus, it became, as the court stated, "essential to determine" whether an order allowing alimony and attorney's fees pendente lite in a divorce action was, prior to the final determination of the divorce suit in the trial court, subject to be reviewed by the supreme court of Oklahoma in a proceeding in error. Holding that such an order was not thus reviewable, the court declined to follow an earlier territorial decision (McKennon v. McKennon, 10 Okla. 400, 63 Pac. 704) which adopted a contrary view, though sections 6067, 6068 Comp. L. of Okla. 1909 were identical with the Kansas statutes sections 542 and 543 referred to above. In the course of the opinion of the Oklahoma court in the mandamus

case, it was said, after a careful review of the matter, referring to the McKennon decision that the latter was "contrary to the best reason."

Aspinwall v. Aspinwall, 18 Neb. 463, 25 N. W. 623, was also a divorce suit where an order was requested by the wife requiring the husband "to pay plaintiff temporary alimony sufficient for her support and that of her child and the necessary conducting of said suit." The trial court made the order sought, the defendant husband excepted thereto and brought it to the Supreme Court of Nebraska by appeal. Plaintiff filed a motion in that court to dismiss the appeal because the order aforesaid was not "such a final order as can be appealed from the district court to the supreme court while the cause is still pending in the court below." The motion and the questions presented by the appeal were argued together. Considering the motion first the court reached the conclusion that it need not examine the merits of the appeal, saying in part:

"Section 675 of the Code provides 'that in all actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court to the supreme court,' etc. The 'judgment or decree' here referred to must be the final or main judgment or decree in the case; otherwise the definite article would not be used in stating it. But appeal also lies from a 'final order made by the district court.' The action of the district court appealed from in the case at bar is clearly not the final or main judgment or decree in the case. The principal thing sought and litigated for in the action is a divorce, and no judgment or decree in the case can be considered final unless it either awards or denies such divorce. But is it a final order? If the statute above quoted stood alone it might be somewhat difficult to answer this question. Section 581 of the Code provides that 'an order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action

after judgment, is a final order which may be vacated, modified, or reversed as provided in this title.' This definition of a final order was made in view of proceedings in error. But, it being the only statutory definition applicable thereto, it must be held also to control as well when used in reference to proceedings by appeal." * * * "Under the above statutory definition, then, the order appealed from, although it affects a substantial right in an action, it does not determine the action, and prevent a judgment. It is not an order made in a special proceeding, but is one made in an action to which the general rules of equity apply, although, in some respects, limited by statute. Nor is it an order made upon a summary application in an action after judgment. Having reached the conclusion that the order appealed from is not appealable as an order, it will not be examined on the merits. The order of the district court is affirmed, and the cause remanded to said court for further proceedings in accordance with law."

Under these decisions, rendered by very able courts, in states possessing statutes identical or substantially identical with Sections 89-4803 and 89-4801 above quoted—none of which decisions are called to our attention by the parties in their briefs or arguments on the motion to dismiss—it would seem reasonably clear that the order undertaken to be appealed from in the case at bar was not reviewable by this court at this time.

Our attention has been directed to several rulings made by the Supreme and Appellate Courts of Ohio, notably Ruthrauff v. Ruthrauff, 15 Oh. App. 214; King v. King, 38 Oh. St. 317, and Reed v. Reed, 17 Oh. St. 564. The opinion in the Ruthrauff case merely remarked that "It is admitted that the allowance of temporary alimony is a final order which may be reviewed on error" citing the two Ohio cases immediately hereafter mentioned. The Reed case decided, as the syllabus indicates, that "Where a petition for alimony is dismissed on a final hearing in the common pleas upon

the merits, the case is not appealable to the district court, under section 17 of the 'act concerning divorce and alimony.' " However in the King case it was ruled:

"A judge of the court of common pleas is *ex officio* a judge of the district court, and as such is empowered to grant temporary alimony pending an appeal with respect to permanent alimony. 72 Ohio L. 145, § 9; 75 Ohio L. 749, § 13; Rev. Stats. § 5701. The order thus made in such special proceeding (75 Ohio L. 726; 2 Rev. Stats. 1361), is in its nature final, and may be reviewed on error. 75 Ohio L. 804, § 1; Rev. Stats. § 6707; * * *"

An examination of 75 Oh. L. 726 cited by the court discloses that "divorce and alimony" were there listed as "Special Proceedings." Additionally it should be observed that 75 Oh. L. 751, § 18 provides:

"No appeal shall be allowed from any judgment or order of the court of common pleas under this chapter, except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony, or in cases under section seventeen of this chapter. When judgment is rendered for both divorce and alimony, the appeal shall apply only to so much of the judgment as relates to the alimony; and when an appeal is taken by the wife, she shall not be required to give bond."

In other words, an appeal was specifically allowed from the award of alimony but not from the decree of divorce. It may be pointed out and should be borne in mind that the law in this state regarding the matter of divorce and alimony is quite different. Proceedings for a divorce are not in our statutes listed as "Special Proceedings," but are regarded as in the State of Nebraska an action to which the general rules of equity are ordinarily applied although these are "in some respects limited by statute."

Section 35-113 W. R. S. 1931 provides:

"Actions to annul or affirm a marriage, or for a di-

vorce, shall be conducted in the same manner as civil actions, and the court shall have the power to award issues, to decree costs, and enforce its decree as in other cases."

Section 35-115 W. R. S. 1931 vests the trial court with an extremely broad discretion in handling and disposing of matters of the character we are now considering, which discretion, we think, should not be interfered with except upon clear proof that such discretion was gravely abused. That section reads:

"In every action brought for a divorce, the court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on, or defend the action, and for her support, and the support of the children of the parties during its pendency, and it may decree costs against either party, and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver, and the court may also direct the payment to the wife for such purpose of any sum or sums that may be due and owing to the husband from any party, person or corporation."

Even if we were to assume that the order now attempted to be brought here for review was an appealable order and that it was asserted to be a grave abuse of discretion on the part of the trial court in making it, we are unable to see how we could fairly charge that court with such a misuse of discretion when we are not supplied with the oral testimony given on the several hearings on the two motions aforesaid, the one filed February 21, 1942 and the other July 30 of that year.

Additionally, assuming both that the order was a final order and that the testimony given on the hearing on these motions was before us, there are yet other reasons why we could not review the merits of this appeal.

It is fundamental law that only during the same term of court at which a judgment or order is rendered,

a court has full control of its own orders and judgments being limited only by the principle that in opening or setting them aside there should be no abuse of discretion. First National Bank of Dunkirk v. Smith, 102 Oh. St. 120, 130 N. E. 502; Kornick v. Hahn, Adm'x, 11 Oh. App. 388. It is also true that abuse of discretion cannot be presumed but must be made to appear by evidence before it can be found to exist by the appellate court.

The order at bar was made for the purpose of denying a motion for reconsideration of the motion filed by the defendant February 21, 1942, that motion being substantially a request for a rehearing of the plaintiff's motion made in the month of February and a re-examination of the order of July 24, 1942. No change of circumstances of the parties authorizing the latter motion appears on the record here, the motion to reconsider being filed only six days after the first order was made and it was addressed to the sound discretion of the trial court, as we have seen. No appeal was taken from the July 24th order and when the motion for reconsideration was heard in September following, the time for taking an appeal had expired as well as the term of court at which the July order was rendered.

Under such circumstances the language of the Supreme Court of the United States in Conboy v. First National Bank of Jersey city, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128 would seem to be pertinent where it was said:

"No appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to correct its own errors. Brockett v. Brockett, 2 How. 238, 17 L. Ed. 251; Wylie v. Coxe, 14 How. 1, 14 L. Ed. 301. Appellant might have made his application for rehearing and had it determined within the thirty days, and still have had time to take his appeal. But he let the thirty days expire, as it did February 22, 1905, and did

not file his petition until May 8, 1905. The right of appeal had then been lost and appellant could not reinvest himself with that right by filing a petition for rehearing.

"The cases cited for appellant, in which it was held that an application for a rehearing, made before the time for appeal had expired, suspended the running of the period for taking an appeal, are not applicable when that period had already expired. 'When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter.' Credit Co. v. Arkansas C. R. Co., 128 U. S. 258, 261, 32 L. Ed. 448, 449, 9 Sup. Ct. Rep. 107, 108."

If by merely moving to reconsider a ruling on a motion, the time for appealing from the order made thereon could be extended, the statute requiring a notice of appeal to be filed within 10 days after entry thereof could, of course, be rendered as the Supreme Court says "a dead letter." Nothing appears in this record to show that the defendant could not at the time she filed her motion for reconsideration have filed also her notice of appeal from the order denying alimony pendente lite and suit money if she regarded that an appealable order as she now urges. The motion for reconsideration aforesaid may not be confused with the motion for a new trial in a proceeding in error for in that case such a motion is one of the essential steps to be taken in bringing to this court the evidence which otherwise would not be a part of the record. It is so because of our rules which have the operative force of statutes.

Finally it may be suggested that in the thousands of divorce cases brought in this jurisdiction during the more than 50 years of statehood, this is the first one where a right to review an order of the character under consideration has been asserted. The inference, it would seem to us, would be rather strong that no mem-

bers of the legal profession during that time thought that such a review could be had and the settled practice in this state has been opposed to any such view and in accord with the position taken by the Kansas, Nebraska, and Oklahoma courts. Other reasons could be readily assigned why the appealability of orders of this character should not be upheld under statutes such as Wyoming has, but sufficient has been said to make it clear that we are obliged to rule that the motion to dismiss should be sustained, and it will be so ordered.

*Dismissed.*

KIMBALL, Ch. J., and BLUME, J., concur.