**Joe C. HALTOM, Appellant (Plaintiff),**

v.

**Lois A. HALTOM, a/k/a Lois Arlene Digliani, a/k/a Lois A. Good, Appellee (Defendant).**

No. 87–206.

Supreme Court of Wyoming.

June 6, 1988.

Fred W. Phifer, Wheatland, for appellant.

Douglas W. Weaver, Wheatland, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Joe C. Haltom appeals from an order modifying a property settlement which had been incorporated into a stipulated judgment for the dissolution of marriage entered by a California court.

We affirm in part, reverse in part, and remand for entry of an appropriate judgment.

Appellant states the issues, and appellee Lois A. Haltom, a/k/a Lois Arlene Digliani, a/k/a Lois A. Good, essentially agrees, as follows:

"1. [Whether t]he District Court exceeded [its] basic authority in altering the property division previously decreed by the California Court when it found that the Appellee was fully justified in spending the $19,150.55 proceeds from the check issued by the California State Board of Equalization; in awarding a Judgment against the Appellant in the amount of $21,966.00 as the value of clothing and personal items plus 5% for inflation; and in ordering that in the event Appellant fails to deliver the clothing and personal items or pay the total Judgment of $25,496.30, that Appellee shall be entitled to retain the gold nugget necklace with a diamond in it and the 4.23 car[a]t diamond ring as a set-off.

"2. [Whether t]he [District] Court abused [its] discretion in awarding attorney's fees in the sum of $1,502.00 to Appellee's attorneys and in awarding the sum of $930.00 for mileage and per diem costs for Appellee's trip to California."

On January 7, 1986, the parties were granted a dissolution of marriage, and a stipulated judgment was entered by the Superior Court of California, County of Sacramento. That stipulated judgment incorporated by reference the parties' marital and property settlement agreement entered into by them on August 21, 1985. Appellant registered the California judgment in the State of Wyoming on May 28, 1986, by filing a certified copy of that judgment with the district court in Platte County, Wyoming.[1]

On June 5, 1986, the district court filed an order to show cause, ordering appellee to appear before the district court on June 24, 1986, to show cause why she should not be found in contempt for failing to comply with the California court order. Appellee was also ordered to deliver a check from the California State Board of Equalization in the amount of $19,149.39, a 4.23–carat diamond ring, and a gold nugget necklace with a one-carat diamond to the district court at the hearing or to be fully prepared to account for that property. This hearing was later reset for July 15, 1986.

On July 14, 1986, appellee filed a petition for an order to show cause, stating that appellant had failed to deliver to her personal clothing, jackets, shoes, handbags, and a full-length fox fur coat, all valued at approximately $20,000, as required by the California order. Consequently, the hearing was rescheduled for September 16, 1986.

During the September 16, 1986, hearing, the district court continued the hearing until further notice and ordered appellee to submit a memorandum of law. Appellee filed her memorandum of law on September 24, 1986, and her prehearing memorandum on December 2, 1986.

A hearing on the merits was conducted on June 2, 1987. On July 17, 1987, the district court entered an order which stated that:

"1. [Appellee] is not in contempt of Court and was fully justified in spending the $19,150.55.

"2. [Appellant] shall return [appellee's] clothing and personal items which the decree awarded her and which she testified she has not received.

"3. In the event [appellant] fails to return to [appellee] her clothing and personal items, [appellee] shall have a monetary judgment against [appellant] in the amount of $21,966.00, the value of the clothing and personal items, plus 5% on this amount for inflation.

1. While we recognize that § 1–17–703, W.S. 1977, of the Uniform Enforcement of Foreign Judgments Act requires that an authenticated judgment be filed, the parties stipulated that the action should continue because the certified copy was in fact a true and accurate copy of the original stipulated judgment filed in the California court. We, therefore, will assume that, because of such a stipulation, the filing of an authenticated judgment requirement has been met pursuant to that section.

"4. [Appellant] shall have 30 days from the date of this order to deliver the clothing and personal items to [appellee] or pay the $21,966.00, the value of the clothing and personal items, to [appellee], and in the event [appellant] fails to do either of those things [appellee] shall be entitled to retain the necklace and ring as a set-off.

"5. [Appellant] shall pay unto [appellee's] attorneys * * * the sum of $1,502.00 plus any additional accruing attorney fees arising from this action.

"6. [Appellant] shall pay unto [appellee] the sum of $930.00 for mileage and per diem costs incurred by [appellee] in her trip to California."

On July 27, 1987, appellant filed his notice of appeal. Thereafter, the district court entered an order staying its judgment, pending the outcome of the appeal before this Court.

Appellant contends that the district court erred when it altered the California court's property division judgment by entering paragraphs 1 through 4 of its judgment. He asserts that neither the Uniform Enforcement of Foreign Judgments Act nor applicable case law gave the district court the power to modify the decree.

Section 1-17-703, W.S.1977, states:

"A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment as a judgment of the district court of this state notwithstanding the amount of the judgment or that the action giving rise to the judgment, if initiated in this state, would be within the jurisdiction of a minor court. *A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a district court of this state and may be so enforced or satisfied.*" (Emphasis added.)

This Court had an occasion to interpret this section in *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244 (1976). However, at that time,

Wyoming's Uniform Enforcement of Foreign Judgments Act was entitled the "Uniform Foreign Judgments Act." In that case, we stated:

"Under our statute, then, if not under the full faith and credit clause, it must be considered that the judgment [entered in a sister state], when filed with the district court [in accord with the section], justified any action that could be taken by a judgment plaintiff in a case originating in the state of Wyoming." Id. at 1250.

We see no reason why we should now stray from this rule of law and not apply such rule to this case.

In *David v. David,* Wyo., 724 P.2d 1141 (1986), we noted that property settlement agreements entered into by the parties prior to divorce are generally recognized and given force and effect in the decree and that such agreements are favored by the courts. However, we also stated in that case that:

"As a corollary of both rules the confluence effect is that even though property settlements are favored by the courts and are generally recognized in Wyoming, the parties cannot oust a court's statutory duty to 'make such disposition of the property of the parties as appears just and equitable' by entering into a property settlement agreement which the judge cannot in good conscience approve and adopt when granting a divorce." Id. at 1143.

A trial court, therefore, has broad discretion in approving a property settlement agreement and in including it within its divorce decree or marital property division order. We have also recognized that, once a divorce decree dividing the marital property has been entered by the trial court, it is final and is not subject to revision or modification because of a change in circumstances. *Broadhead v. Broadhead,* Wyo., 737 P.2d 731 (1987).

■ Under the California judgment, appellant was to receive "[a]ll proceeds from the State Board of Equalization deposit refund in the approximate sum of $18,660.00." However, the district court effec-

tively modified or reversed the California court's order regarding the deposit refund moneys when it found that appellee was not in contempt of court and was fully justified in spending those proceeds. That modification or reversal of the California court's order by the district court was beyond the district court's authority. Accordingly, we reverse the district court's order in that regard.

■ The California judgment also provided in applicable part that:

"Items a through q inclusive of paragraph 2 herein are presently in the custody and control of [appellant] and [appellant] shall give possession of these items to [appellee] contemporaneously with the delivery of items number 7 and 8 of Appendix 'B' to [appellant]."

Previous to that language, the California court specifically and particularly listed items a through q in applicable part as follows:

"j) Wife's personal clothing

"k) Jackets

"l) Shoes

"m) Handbags

"n) Foxfur Full Length Coat"

Appendix "B" of the California judgment provided in applicable part:

"To [appellant]

\*    \*    \*    \*    \*    \*

"7) 4.23 Point Diamond Ring subject to a loan in the amount of $9,200.00 with Coffey's Consignment in [appellee's] possession.

"8) Gold Nugget necklace w/one (1) carat diamond in [appellee's] possession."

From the time the California order was entered on January 7, 1986, to the present time, more than two years have elapsed, during which time appellant has failed to comply with the provisions of the agreement by not delivering the respective items to appellee. In the interest of finality, and recognizing our general principle that a proper property division allows each party

to make a clean break and go his or her separate way, starting life anew, Broadhead v. Broadhead, we have ascertained that, because of appellant's failure to surrender appellee's property to her, he is estopped from claiming any interest in the jewelry held by appellee. Accordingly, appellee is entitled to the 4.23-carat diamond ring and gold nugget necklace with the one-carat diamond. Any of appellee's personal clothing, including the full-length fox fur coat, which were left with appellant after the dissolution of their marriage, and any moneys derived from the previous sale of those articles is the property of appellant.

■ Appellant also asserts that the district court abused its discretion when it awarded appellee attorney's fees and compensation for the mileage and per diem costs she incurred during a trip to California.

Section 20-2-111, W.S.1977, provides:

"In every action brought for divorce, the court may require either party to pay *any sum necessary* to enable the other to carry on or defend the action and for support and the support of the children of the parties during its pendency. *The court may decree costs* against either party and award execution for the costs, or it may direct costs to be paid out of any property sequestered, in the power of the court, or in the hands of a receiver. The court may also direct payment to either party for such purpose of any sum due and owing from any person." (Emphasis added.)

This Court has considered this statute as authority to award attorney's fees in an action for divorce or any continuing litigation of such action. *Hendrickson v. Hendrickson*, Wyo., 583 P.2d 1265 (1978); *Prentice v. Prentice*, Wyo., 568 P.2d 883 (1977). We have also recognized that, in awarding such fees and costs, the trial court has extremely broad discretion and that such discretion should not be interfered with by this Court except upon clear

proof that such discretion was gravely abused. *Broyles v. Broyles*, Wyo., 711 P.2d 1119 (1985); *Book v. Book*, 59 Wyo. 423, 141 P.2d 546, 167 A.L.R. 352 (1943).

After review of appellant's arguments regarding the award of attorney's fees and costs in this case, we are not convinced that the district court abused its discretion in granting such awards to appellee. Therefore, we determine that appellant failed in his burden of proof and hold that the dis-

trict court properly awarded appellee those moneys.

Affirmed in part, reversed in part, and remanded to the trial court for entry of judgment in accordance with this opinion.