Leo WEISS, Appellant (Defendant below),

v.

STATE of Wyoming ex rel. Paul V. DANI-
GAN, Appellee (Plaintiff below).

No. 3607.

Supreme Court of Wyoming.

Dec. 12, 1967.

Raymond B. Whitaker, Casper, for ap-
pellant.

Jack D. Emery, Casper, for appellee.

Before HARNSBERGER, C. J., and
GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Leo Weiss was fined $750 and sentenced to four months in jail for contempt of court. The contempt alleged was violation of a temporary injunction issued by a judge of the district court of Natrona County. It enjoined Weiss from continuing or permitting, on his real property, nuisances set forth in ch. 66, § 1, S.L. of Wyoming 1963 (§ 6–247, W.S.1957, 1965 Cum.Supp.). Hearing on the charges of contempt was before a judge without a jury.

In appealing to our court from the judgment which imposed the fine and sentence upon him, Weiss claims several reversible errors in procedure and a general denial of due process of law. We are particularly concerned with the claim that defendant was not afforded an early trial on the petition for a perpetual injunction, as required by statute and by reasonable standards of due process.

Ch. 66, S.L. of Wyoming 1963, authorizes the county attorney or any citizen to maintain an action in equity, in the name of the State of Wyoming upon the relation of such county attorney or citizen, to perpetually enjoin such nuisances as maintaining a place of prostitution or gambling or a place where intoxicating liquor is kept and sold in violation of law. Paul V. Danigan, chief of police in Casper, brought such an action against Weiss alleging the maintenance of a place of prostitution. Neither gambling nor liquor violations were alleged.

■ The purpose of a temporary injunction is to preseve the status quo until the merits of an action can be determined. Spickerman v. Sproul, 138 Colo. 13, 328 P.2d 87, 88; Nyman v. Desert Club, 109 Cal.App.2d 63, 240 P.2d 37, 39. See also Begley v. Nall, 62 Wyo. 254, 166 P.2d 466, 469. And a temporary injunction rests upon an alleged existence of an emergency, or a special reason for such an order, before the case can be regularly heard. State ex rel. Tidewater Shaver Barge Lines v. Dobson, 195 Or. 533, 245 P.2d 903, 924.

■ Also, the award of a temporary injunction is an extraordinary remedy which will not be granted except upon a clear showing of probable success and possible irreparable injury to the plaintiff, lest the proper freedom of action of the defendant be circumscribed when no wrong has been committed. Societe Comptoir De L'Industrie Cotonniere Establissements Boussac v. Alexander's Department Stores, Inc., 2 Cir., 299 F.2d 33, 1 A.L.R.3d 752.

■ These principles make it clear that equity would require an early hearing on the merits in a case such as the one now under consideration, especially where no bond has been given for the protection of defendant to compensate him for damages incurred through interference with his property rights, in the event it should develop that no wrong has been committed by him. The temporary injunction against Weiss was issued without bond.

Rule 1, W.R.C.P., specifies that our rules are to be construed to secure the just, speedy and inexpensive determination of every action. Ch. 66, § 3, S.L. of Wyoming 1963, provides that an action brought under the nuisance statute shall be triable at the first term of court after due and timely service of the notice has been given. In this case, the record is clear that the service of summons and notice upon the defendant was accomplished February 23, 1965. The next term of court in Natrona County commenced on the first Tuesday in March, 1965 and ended on the first Tuesday in September, 1965. Thus, the "first term of court after due and timely service of the notice" had been given commenced and ended between those dates.

No trial was afforded the defendant in connection with the allegations against him during the term of court when the action, according to the statute, was triable. Indeed, even the temporary injunction we are dealing with was not issued or entered until September 23, 1965, which was after the term of court in which the case would have been triable according to the statute. No excuse or reason has been shown for the

delay in trying the case. The record does not indicate that trial on the petition for a perpetual injunction was continued at any time on defendant's request.

■ Rule 1 states that the rules govern procedure in all proceedings of a civil nature and in special statutory proceedings, except as provided in Rule 81; and Rule 81 contains no applicable exception. See 1 Barron and Holtzoff, Federal Practice and Procedure, § 134, p. 578. As stated in Barron and Holtzoff at § 137, p. 585, it may be there is no more important provision in rules of procedure than the provision for a just and speedy determination, and courts have been true to this purpose. The statement is just as true of our state rules as it is of federal rules.

As far as the case being dealt with is concerned, both the rules and special statutory provisions indicate a just and speedy determination should be made. Just what is a "just" and "speedy" determination for a nuisance case of the kind before us? The legislative declaration in that regard may not necessarily be controlling. However, we think the courts should at least consider what the legislature seemed to think would be a reasonable time for trial in this kind of case.

■ We are led to believe, from the record in the instant case, that the district court attempted to make the temporary injunction serve the purpose of a final injunction, thus eliminating the need for a hearing on the merits and disregarding the defendant's right to a speedy trial. In Gilbert v. Elder, 65 Idaho 383, 144 P.2d 194, 195, it was said a temporary injunction will not usually be allowed where its effect is to give plaintiff the principal relief he seeks without bringing the cause to trial.

■ On January 7, 1966 (approximately ten months after issues were joined by defendant's answer) plaintiff moved for an order making permanent the temporary injunction and permitting plaintiff to permanently abate. That is what the case

was about, and a motion should not have been necessary. Yet the court, after a hearing "pursuant to setting on the motion of plaintiff," denied and overruled the motion of plaintiff and still afforded no trial. Even after defendant moved for dismissal of plaintiff's action on several grounds, including the lack of a timely trial, the court entered an order March 23, 1966 denying the motion to dismiss and continuing the temporary injunction until further order of the court—all this still without any effort to afford defendant a trial on the merits.

Some three months after plaintiff was denied a permanent injunction, the defendant again moved for dismissal for lack of trial as required by the law; and again the court by order of July 7, 1966 denied his motion without setting the case for trial. At this time the court's order provided that the temporary injunction would be continued until the first Tuesday of September, 1966, "at which time the injunction will terminate and this action will be dismissed." Apparently this was because § 4 of the nuisance act limits the duration of any injunction to a period of one year, if the existence of the nuisance is established "in an action." Here, the court purportedly accomplished the limit without a trial of the action.

If there was doubt before, there could be none following the July 7, 1966 order. The language employed made it clear defendant would never be allowed a trial on the merits; that he was to continue for approximately one year under the temporary injunction; and that the action would then be dismissed. We cannot sanction such a use of the remedy of a temporary injunction. That is not what temporary injunctions are for. See Graham v. Hoyl, 157 Colo. 338, 402 P.2d 604, 606.

By continuing its temporary injunction and not affording a trial with final judgment on the merits, the district court denied defendant-Weiss the right to a "just" and "speedy" determination of the action against him, contrary to the guarantee of Rule 1, W.R.C.P., and contrary to § 3 of

the nuisance act. The court's denial of defendant's motion to dismiss on July 7, 1966, along with its attempt to continue the temporary injunction to the first Tuesday of September, 1966, when the action would be dismissed, was erroneous and a denial of due process.

Moreover, according to Ch. 66, § 6, S.L. of Wyoming 1963, when a case has been resolved against a property owner, he has a right to appear and pay all costs and file a bond conditioned that he will abate the nuisance for a period of one year. If satisfied with his good faith, the court would then release defendant's property. The continuation of the temporary injunction against Weiss, without affording him a trial on the merits, had the effect of denying to him the right granted under § 6 of the act.

It will not be necessary for us to discuss other assignments of error made by appellant-Weiss. What we have already said is sufficient to show reasons for holding that the temporary injunction of September 23, 1965 had no life or validity on August 26, 1966, at which time it is alleged the defendant permitted a violation of the temporary injunction and thereby committed a contempt of court. Accordingly, the judgment and sentence against Weiss for contempt are reversed and held for naught.

Reversed.

PARKER, J., dissenting.