**SOONER STATE DAIRIES, INC.,
Appellant,**

v.

**TOWNLEY'S DAIRY COMPANY, Meadow-Gold Company, and the Borden Company, Appellees.**

No. 28–68.

United States Court of Appeals
Tenth Circuit.

Feb. 17, 1969.

Gerald D. Swanson, Tulsa, Okl., for appellant.

Gus Rinehart, Oklahoma City, Okl., (Sam A. Townley, Loyd Benefield, Oklahoma City, Okl., George B. Christensen, and Brian A. Loftus, Chicago, Ill., Richard B. McDermott, Tulsa, Okl., and Joseph A. Greaves, Chicago, Ill., with him on brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HOLLOWAY, Circuit Judges.

PER CURIAM.

This appeal is from the dismissal of a civil anti-trust suit on the merits by the trial court on its own motion during the hearing for a temporary injunction. The complaint alleged various violations of the Sherman, Clayton and Robinson-Patman Acts and requested a jury trial. An application for temporary injunction was filed and came on for hearing. After hearing three of plaintiff's five witnesses the trial judge stated, "I don't think the Court cares to hear any more." He thereupon denied the injunction and summarily dismissed the action. He was evidently convinced from the testimony taken that the plaintiff could not support its claim for injunctive or any other relief and was apparently moved to be done with it. This appeal is from the dismissal of the action.

■ We think the able and practical-minded Judge acted too quickly to deny the plaintiff its proverbial full day. Our situation is different from cases like Standard Oil Co. of Texas v. Lopeno Gas Co., 240 F.2d 504 (5th Cir. 1957) where the whole action was equitable and "Nothing more remained to be tried." p. 510. In those circumstances the final injunctive relief was appropriate even though the hearing was on a motion for temporary relief. In our case, the issue before the court was temporary injunctive relief which the court might very well have denied, as it surely did. But the anti-trust issues survived and a conclusive ruling thereon was premature.

The expeditious and efficient processing of litigation is laudable and should be encouraged. But the Federal Rules provide an adequate and orderly procedure for the summary dismissal of complaints which fail to state a claim on which relief can be granted, Rule 12; and for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.", Rule 56; or if the case goes so far, a directed verdict under Rule 50 or dismissal under Rule 41(b) may be in order. Only by adherence to the spirit of these rules can we be sure of a full hearing—the essence of due process.

The case is reversed and remanded with directions to proceed accordingly.