Bobby GRIFFIN, a minor, by his father and next friend, Mr. A. A. Griffin, Plaintiff,

v.

Mr. Fordyce TATUM, Individually and as Principal of Wetumpka High School, and Sheldon W. Darnell, Individually and as Assistant Principal of Wetumpka High School, and Ross McQueen, Individually and as Superintendent of Education of Elmore County, and Carl Ray Baker, Creston Houston, William Stowe, Jr., K. R. Murchison, C. W. Lambert, individually and as members of the Board of Education of Elmore County, Alabama, Defendants.

Civ. A. No. 2863-N.

United States District Court
M. D. Alabama, N. D.

May 9, 1969.

Charles V. Welden, Jr., Montgomery, Ala., for plaintiff.

George P. Howard, (of Howard & Dunn), Wetumpka, Ala., for defendants.

MEMORANDUM OPINION AND INJUNCTION

JOHNSON, Chief Judge.

The plaintiff, a 17-year-old male who was in attendance in the Wetumpka, Alabama, High School as a student

in the eleventh grade, brings this action against the principal and the assistant principal of the high school and the superintendent of education for the county and the individual members of the county board of education for Elmore County.[1] The Wetumpka High School is operated as an integral part of the Elmore County public educational system. The plaintiff was enrolled in the Wetumpka High School for a period beginning in 1964 and during each school year thereafter until April 15, 1969, on which date he was suspended as a student for the sole reason that his hair length and style did not conform to the rules and regulations promulgated and enforced by the Wetumpka High School authorities. Plaintiff asks this Court to order his immediate readmission as a student in good standing in the Wetumpka High School and to enjoin the defendants from taking any other disciplinary action against him solely by reason of the length of his hair or the way he wears his hair.

This cause was heard orally before this Court, sitting without a jury. Upon consideration of the pleadings and the testimony offered and admitted, it appears that the Wetumpka High School authorities promulgated and published during the 1967–1968 school year a regulation as follows:

"Hair must be trimmed and well cut. No Beatle haircuts, long sideburns, ducktails, etc., will be permitted."

During the school year 1968–1969, the school authorities at the Wetumpka High School decided that the regulation was too ambiguous; so they clarified it to the effect that there could be no side-burns longer than the middle of the ear; that the hair in front could be no longer than one inch above the eyebrows; and that the hairline in back must be shingled or tapered as opposed to being blocked and must be well above the collar.

According to the evidence in this case, the plaintiff wore his hair in a manner that conformed to the regulation in all respects except that it was blocked in the back. Two photographs were admitted that portrayed plaintiff's hair on April 16, 1969—the date he attempted to be readmitted as a student in the high school.[2] He was denied readmission solely by reason of the fact that his hair was blocked in the back as opposed to being shingled or tapered.[3]

The school authorities offer as justification for the haircut regulation the following reasons: boys' haircuts that do not conform to the regulation cause the boys to comb their hair in classes and to pass combs, both of which are distracting; cause the boys to be late for classes because they linger in the restrooms combing their hair; cause the boys to congregate at a mirror provided for girls to use while combing their hair; in some instances, cause an unpleasant odor, as hair of a length in excess of that provided by the regulation often results in the hair being unclean; cause some of the boys who do not conform to the haircut regulation to be reluctant about engaging in physical educational activities (presumably because they do not want to "muss" their hair); and, finally, cause resentment on the part of other students who do not like haircuts that do not conform to the school's haircut regulation.

1. The evidence in this case reflects that the county superintendent and the members of the county board of education neither promulgated nor enforced the haircut rule in question and therefore are due to be dismissed as parties defendant.

2. These photographs are being attached to the original of this opinion and order and filed with the Clerk of this Court.

3. A letter of suspension, dated April 15, 1969, written by the school authorities to plaintiff's parents reflects that plaintiff was suspended for a violation of the haircut standards and for reckless driving on the campus. The evidence in this case clearly reflects that the charge of reckless driving grew out of plaintiff's "scratching off" in his pickup truck from the school parking lot after he had been suspended by reason of his failure to comply with the haircut regulation.

The evidence in this case reflects that this plaintiff's academic standing is above average; that, with the possible exception of his hair style, he is neat and well-groomed; and that he has caused no other disciplinary problems in the school. Plaintiff was in all respects an above-the-average student.

This Court recognizes and has in the past recognized,[4] the basic principle that school authorities are possessed with the power and the duty to establish and enforce regulations to deal with activities which may materially and substantially interfere with the requirements of appropriate discipline in the school.[5] However, in this instance the application of this haircut rule to this plaintiff by the State of Alabama—acting through the school authorities at the Wetumpka High School—constitutes an arbitrary and unreasonable classification; for that reason, the invocation of the rule as a basis for suspending the plaintiff as a student from this public school clearly violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. More succinctly, compliance with this haircut rule imposes an utterly unreasonable condition to the plaintiff's continuing as a student in the Alabama public educational system. The interest of the State of Alabama in maintaining an effective and orderly school system and school operation will not justify the imposition of the rule. Furthermore, this Court finds and concludes that the imposition of the rule to this plaintiff to the point of suspension infringes upon fundamental substantive liberties protected by the due process clause of the Fourteenth Amendment to the Constitution of the United States. Breen v. Kahl, 296 F.Supp. 702, W.D.Wis., Feb. 20, 1969. Although there is disagreement over the proper analytical framework,[6] there can be little doubt that the Constitution protects the freedoms to determine one's own hair style and otherwise to govern one's personal appearance. Indeed, the exercise of these freedoms is highly important in preserving the vitality of our traditional concepts of personality and individuality. In this connection Judge Doyle observed in Breen v. Kahl, supra:

"An effort to use the power of the state to impair this freedom must also bear 'a substantial burden of justification', whether the attempted justification be in terms of health, physical danger to others, obscenity, or 'distraction' of others from their various pursuits. For the state to impair this freedom, in the absence of a compelling subordinating interest in doing so, would offend a widely shared concept of human dignity, would assault personality and individuality, would undermine identity, and would invade human 'being'. It would violate a basic value 'implicit in the concept of ordered liberty.' "

In short, the freedom here protected is the right to some breathing space for the individual into which the government may not intrude without carrying a substantial burden of justification. Thus, one may not have the right to walk nude down the median strip of a busy highway. But, until one's appearance carries with it a substantial risk of harm to others, it should be dictated by one's own taste or lack of it.

This Court does not find it necessary to reach or decide plaintiff's First Amendment contention: that plaintiff's hair length and style is a form of expression protected by the First Amendment to the Constitution of the United States. In this connection, see Ferrell v.

4. Dickey v. Alabama State Board of Education, 273 F.Supp. 613, 618 (M.D.Ala. 1967).

5. See, e. g., Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731; Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968);

Burnside v. Byars, 363 F.2d 744 (5th Cir. 1966).

6. See, e. g., Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), a case involving somewhat similar issues in which the majority required four separate opinions.

Dallas Independent School District, 392 F.2d 697 (5th Cir. 1968).

▮ The school authorities' "justification," or the reasons they advance for the necessity for such a haircut rule, completely fail. If combing hair or passing combs in classes is distracting, the teachers, in the exercise of their authority, may stop this without requiring that the head be shorn. If there is congestion at the girls' mirrors, or if the boys are late for classes because they linger in the restrooms grooming their hair, appropriate disciplinary measures may be taken to stop this without requiring a particular hair style. If there is any hygienic or other sanitary problem in connection with those students who elect to wear their hair longer than that presently permitted by the regulation there are ways to remedy this other than by requiring their hair shorn. The same is true of their failure to participate in the physical educational programs. As to the fear that some students might take action against the students who wear hair longer than the regulation now permits, suffice it to say that the exercise of a constitutional right cannot be curtailed because of an undifferentiated fear that the exercise of that right will produce a violent reaction on the part of those who would deprive one of the exercise of that constitutional right. As was stated in United States v. U. S. Klans, 194 F.Supp. 897, 906 (M.D. Ala. 1961):

"This court recognizes that the threat of mob violence is no excuse for the failure of the Court to issue an injunction to protect the constitutional rights of private citizens. Cooper v. Aaron, 1958, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5."

See also, Tinker v. Des Moines Independent Community School Dist., supra; Watson v. City of Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (1963); Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); Taylor v. Louisiana, 370 U.S. 154, 82 S.Ct. 1188, 8 L.Ed.2d 395 (1962); Garner v. Louisiana, 368 U.S. 157, 82 S. Ct. 248, 7 L.Ed.2d 207 (1961); Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed. 2d 5 (1958); Terminiello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917).

▮ While on the witness stand, Principal Tatum also expressed the fears that his authority might be undermined and that the students, or at least a "certain element" of the students, might cultivate "indecent" hair styles if this Court were to hold the haircut rule unconstitutional. Such an argument can be applied to any school rule, however, and, if accepted, would eliminate all student rights. This Court has previously rejected it. Dickey v. Alabama State Board of Education, supra, 273 F.Supp. at 619. This Court must adjudicate claims of infringement of the Constitution; it does not, of course, create the controversies from which they arise. In this case, it was the school officials who created what Judge Tuttle, dissenting in *Ferrell*, supra, accurately described as "something of a tempest in a teapot" and it is they who must accept responsibility for the consequences. Judge Doyle reached a similar conclusion in Breen v. Kahl, supra:

"* * * The point made about discipline seems to be that the disciplinary powers of the school authorities will be diminished if this Board regulation is not upheld and these expulsions and threatened expulsions are not vindicated by the court.

"Obviously the relationship of students, faculty, administrators, and school board will be affected in some degree by a judicial declaration of invalidity of a school board regulation. But if the regulation is fairly found to violate the Constitution, responsibility for these consequences rests with the agency which promulgated the regulation. So far as education of young people in obedience is concerned, it is important for them to appreciate the present vitality of our proud tra-

dition that although we respect government in the exercise of its constitutional powers, we jealously guard our freedoms from its attempts to exercise unconstitutional powers."

Thus, the defendant school authorities completely fail to justify their haircut rule and completely fail to establish that such a rule is necessary to deal with activities which may materially and substantially interfere with the requirements of appropriate discipline at the Wetumpka High School. The most that the authorities have advanced in support of their regulation is some undefined fear or apprehension of disturbance if they did not require the boys in the Wetumpka High School to keep their hair cut in accordance with their regulation. This is not enough to overcome the constitutional right of this plaintiff and others similarly situated. The Supreme Court of the United States in Tinker v. Des Moines Independent Community School Dist., supra, 393 U.S. 503, 89 S. Ct. at 739, recently made it quite clear that young people do not forfeit fundamental rights because of their status as students:

"In our system, students may not be regarded as closed-circuit recipients of only that which the State chooses to communicate. They may not be confined to the expression of those sentiments that are officially approved."

"In our system, state-operated schools may not be enclaves of totalitarianism. School officials do not possess absolute authority over their students. Students in school as well as out of school are 'persons' under our Constitution. They are possessed of fundamental rights which the state must respect, just as they themselves must respect their obligations to the State."

The Court in resting its decision on the Fourteenth Amendment is in accord with the better reasoned authorities. Zachry v. Brown, 299 F.Supp. 1360, N.D. Ala., June 30, 1967; Breen v. Kahl, supra.

Accordingly, it is the order, judgment and degree of this Court that the defendants Fordyce Tatum, individually and as Principal of Wetumpka High School, and Sheldon W. Darnell, individually and as Assistant Principal of Wetumpka High School, their agents and successors in office, and all those acting in concert with them, immediately upon the receipt of this order:

(1) Readmit the plaintiff, Bobby Griffin, as a student in good standing in the eleventh grade at the Wetumpka High School;

(2) Expunge from the school records all evidence of his suspension by reason of his violating the haircut regulation herein declared invalid; and

(3) Expunge from the school records the absences he has been charged with by reason of the suspension.

It is further ordered that the defendants Fordyce Tatum, individually and as Principal of Wetumpka High School, and Sheldon W. Darnell, individually and as Assistant Principal of Wetumpka High School, their agents and successors in office, and all those acting in concert with them, be and they are hereby enjoined from:

(1) Imposing upon Bobby Griffin any academic or other type penalties by reason of the suspension;

(2) Failing to give Bobby Griffin a reasonable time to make up the academic work he has lost by reason of the illegal suspension, and failing to cooperate with him in doing so;

(3) Enforcing any further the haircut rule as herein declared invalid.

It is furthered ordered that Ross McQueen, individually and as Superintendent of Education of Elmore County, Carl Ray Barker, Creston Houston, William Stowe, Jr., K. R. Murchison, and C. W. Lambert, individually and as members of the Board of Education of Elmore County, Alabama, be and they are hereby dismissed as parties defendant.