Lindahl KING, and Mark Carlson, Michael Martin, John Kindel and John Murray, minors, appearing by their Guardians ad Litem, Plaintiffs,

v.

SADDLEBACK JUNIOR COLLEGE DISTRICT, a public corporation, Fred H. Bremer, Superintendent, Defendants.

Civ. No. 69-2501.

United States District Court,
C. D. California.

July 17, 1970.

**90**

Patricia Herzog, Corona del Mar, Cal., A. L. Wirin, Fred Okrand, Los Angeles, Cal., for plaintiffs.

Adrian Kuyper, County Counsel, and John F. Powell, Deputy County Counsel, Santa Ana, Cal., for defendants.

## MEMORANDUM OPINION

PREGERSON, District Judge.

Plaintiffs are persons residing within the Saddleback Junior College District who have been denied registration as students at Saddleback Junior College, a public junior college and part of the State school system, on the sole ground that their hair styles failed to comply with the Student Dress Code. The pertinent regulation, Number 7 of the Student Dress Code, prohibits male students from having "hair which falls below the eyebrows, or covers all or part of the ear, or hangs entirely over the collar of a dress shirt." Plaintiffs seek a declaration that the quoted regulation violates the due process clause of the Fourteenth Amendment to the United States Constitution. In addition, plaintiffs pray for a permanent injunction against the regulation's enforcement.

■ Plaintiffs contend that they have a cause of action under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1988, and under the Fourteenth Amendment. Jurisdiction exists under 28 U.S.C. § 1343. The Court has power to grant the requested relief. 28 U.S.C. §§ 2201, 2202; Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), cert. denied June 1, 1970, 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268; see also Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

At the outset, defendants contend that the Court should not interfere in the day-to-day operation of Saddleback Junior College. Section 1052 of the California Education Code provides that "[t]he governing board of any school district shall prescribe rules not inconsistent with law or with the rules prescribed by the State Board of Education, for the government and discipline of the schools under its jurisdiction." Supposedly, defendants' Student Dress Code was authorized by Section 1052. In a very recent opinion, however, United States District Judge Warren J. Ferguson suggested that Section 1052 does not authorize a school board regulation restricting the hair length of male students in a public high school. Alexander v. Thompson, 313 F.Supp. 1389 (C.D.Cal. 1970).

In any event, the Court is aware of "the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 507, 89 S.Ct. 733, 737, 21 L.Ed.2d 731 (1969). Accordingly, the Court is reluctant to intervene in a conflict which arises in the daily operation of a public school system. Nevertheless, when facts are presented which make clear that such

conflict "directly and sharply implicate(s) basic constitutional values," the Court may not remain impassive. Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 271, 21 L.Ed.2d 228 (1968). "The vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools." Shelton v. Tucker, 364 U.S. 479, 487, 81 S.Ct. 247, 251, 5 L.Ed.2d 231 (1960).

At the trial of this case, neither side presented any witnesses, although affidavits by plaintiffs and by defendant, Superintendent Bremer, among others, were offered in evidence. In closing argument, defendants contended that plaintiffs had failed to sustain their burden of proof, thereby entitling defendants to prevail. In contrast, plaintiffs argued that the fatal failure of proof was defendants'. It is, therefore, apparent that the threshold question involves a determination of where the burden of proof lies.

■ There is no dispute that plaintiffs have the burden of proving that a constitutional right of theirs was impaired by defendants. King v. Saddleback Junior College District, 425 F.2d 426 (9th Cir. 1970). Essentially, the disagreement arises after it has been shown that a constitutional right was or is being impaired. Then, plaintiffs maintain that the burden of proving a substantial justification for the regulation's intrusion upon constitutional rights falls on defendants. For their part, defendants contend that after plaintiffs have shown that the regulation infringes a constitutional right, the burden remains with plaintiffs to prove that the regulation is not a reasonable intrusion in furtherance of a legitimate state interest.

■ In resolving this issue, the Court notes that "[s]tudents in school as well as out of school are 'persons' under our Constitution." Tinker v. Des Moines Independent Community School District, supra, 393 U.S. at 511, 89 S.Ct. at 739. As such, they are entitled to the fundamental rights flowing therefrom.

Id. The State must respect these fundamental rights and does not have an unlimited right to impose "any conditions that it chooses upon attendance at public institutions of learning, however violative they may be of fundamental constitutional guarantees." Id. at 506, n. 2, 89 S.Ct. at 736, n. 2. "Merely arbitrary choices of states or their official representatives cannot be enforced against any individual's serious claims of liberty." Richards v. Thurston, 304 F.Supp. 449, 452 (D.Mass.1969) (Wyzanski, C. J.). Thus, the Supreme Court has observed that "* * * where there is *no finding* and *no showing* that engaging in the forbidden conduct would 'materially and substantially interfere with the requirements of appropriate discipline in the operation of the school,' the prohibition cannot be sustained." [Citations omitted] [Emphasis added] Tinker v. Des Moines Independent Community School District, supra, 89 S.Ct. at 738. " 'Where there is a significant encroachment upon personal liberty, the State may prevail only upon showing a subordinating interest which is compelling.' Bates v. City of Little Rock, 361 U.S. 516, 524, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960)." Griswold v. Connecticut, 381 U.S. 479, 504, 85 S.Ct. 1678, 1692, 14 L.Ed.2d 510 (1965) (White, J., concurring). Accordingly, the Court concludes that once a constitutional right of plaintiffs is shown to be infringed by the regulation, the burden rests with defendants to show an overriding state interest justifying the infringement. Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970), aff'g 304 F.Supp. 449, supra; Breen v. Kahl, supra.

There has been a multitude of recent cases dealing with the validity of public school regulations establishing permissible hair lengths for male students. While the Supreme Court has not directly ruled on the constitutionality of any such regulation, the tenor of its opinions pays homage to the sanctity of the individual's right to control his own person. For example, in Union Pacific Railway Co. v. Botsford, 141 U.S. 250, 251,

11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891), the Court observed:

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. As well said by Judge Cooley, 'The right of one's person may be said to be a right of complete immunity; to be let alone.'"

Recently, in a different context, the Supreme Court reaffirmed the individual's right to dominion over his own person by its recognition that every person has a right "to be let alone," which, under some circumstances, will outweigh the freedom of others to communicate. Rowan v. United States Post Office Dept., 397 U.S. 728, 90 S.Ct. 1484, 1490, 25 L. Ed.2d 736 (1970).

Among the appellate and district courts, there has been substantial divergence of opinion with respect to the validity of hair regulations. Compare Richards v. Thurston, supra, Breen v. Kahl, supra, and Griffin v. Tatum, 300 F.Supp. 60 (M.D.Ala.1969), with Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir. 1968), cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L. Ed.2d 125 (1968), and Jackson v. Dorrier, 424 F.2d 213 (6th Cir. 1970).

 This Court agrees generally with the holdings and reasoning of Richards v. Thurston, supra, 424 F.2d 1281, ("* * * within the commodious concept of liberty, embracing freedoms great and small, is the right to wear one's hair as he wishes."); Griffin v. Tatum, supra, ("* * * the Constitution protects the freedoms to determine one's own hair style and otherwise to govern one's personal appearance." 300 F.Supp. at 62); Zachry v. Brown, 299

F.Supp. 1360, 1362 (N.D.Ala.1967), ("* * * the classification of male students * * * by their hair style is unreasonable and fails to pass constitutional muster."); Olff v. East Side Union High School District, 305 F.Supp. 557 (N.D.Cal.1969) (Peckham, J.); and Breen v. Kahl, supra, ("* * * freedom to wear one's hair at a certain length * * * is constitutionally protected, even though it expresses nothing but individual taste." 296 F.Supp. at 705–706.)

 The Court holds that the right to determine one's own hair length is a fundamental freedom implicit in the concept of ordered liberty and protected against state infringement by the due process clause of the Fourteenth Amendment. Hence, unless defendants have satisfied their burden of showing a substantial justification for the regulation's intrusion on plaintiffs' rights, the regulation must fall.

 A review of the evidence in this case reveals, beyond doubt, that no rational foundation was laid for this regulation. Defendants have offered no facts to show that the length or style of plaintiffs' hair has created or would likely create an unreasonable risk of harm to the educational process because it disrupts classroom decorum, causes or contributes to campus disorder, interferes with the learning processes or rights of other students, or poses a health or safety hazard. Cf. Jackson v. Dorrier, supra (in which several members of the faculty, the principal of the high school, and several students testified to the disruptive effect of the two students with long hair).

Moreover, during argument defendants' counsel conceded that there has been no classroom disruption, campus disorder, or other interference with the learning process at Saddleback attributable to the long hair of any students.[1]

---

1. Defendants suggested in their Trial Memorandum, page 7, and reiterated during oral argument, that a raison d'etre of the regulation was to "better enable students to prepare for a vocation and obtain a job," citing Farrell v. Smith, 310 F.Supp. 732 (D.Me.1970). This suggestion is belied by the statement of Michael Collins,

Nor do defendants contend that long hair on male students would pose a health or safety hazard. In view of defendants' failure of proof, the conclusion is compelled that no substantial state interest justifies the infringement by Number 7 of the Dress Code upon plaintiffs' right to wear their hair as they choose.

Further, it is appropriate to note that this case, unlike *Jackson*, supra, and *Ferrell*, supra, involves college students rather than high school students. Indeed, the affidavit of John Bothwell, the president of the Associated Student Body, indicates that he is 37 years old.[2] Any state interest which might support a regulation proscribing the hair length of students of high-school age must be of considerably less import in the college environment.

In addition to conflicting with the due process clause, the regulation violates the equal protection clause of the Fourteenth Amendment. The latter clause prohibits arbitrary and irrational classifications. The lack of a rational foundation for the regulation, whose implementation excludes male students with long hair from public educational facilities, has been noted above. The arbitrary nature of the dress code is attested to by the statements of Michael Collins, Chairman,

from the December 18, 1968 meeting of the Saddleback College Board:

" * * * I am entirely willing to admit that the dress code is absolutely arbitrary. It happens to reflect at this point the prevailing community standards, but those are arbitrary.

* * * * * *

"So far as I'm concerned, we're going to establish this wholly arbitrary body of rules and regulations for this college, and the students are going to comply with it."

Plaintiffs' Exhibit 3, Partial Transcript of Official Board Tape, 23–24.

In view of the arbitrariness of the classification made by the regulation and the absence of proof of a rational relationship between long hair on male students and interference with the educational process, the refusal to permit plaintiffs to register and attend classes for failure to comply with the regulation was a denial of equal protection in violation of the Fourteenth Amendment.[3] Miller v. Gillis, 315 F.Supp. 94 (N.D.Ill. 1969); Zachry v. Brown, supra.

Finally, the Court finds that plaintiffs have no adequate remedy at law and will suffer irreparable injury if prevented from registering and attending Saddleback Junior College be-

---

Chairman of the Saddleback College Board: "When I look at a dress code, or when I hope to adopt this dress code or that, I do not purport to be training you to get jobs." Plaintiff's Exhibit 3, Partial Transcript of Official Board Tape, Saddleback College Board Meeting, December 18, 1968, at page 22, lines 21–24.

The *Farrell* case is relevant, however, to the question of whether the Constitution protects an individual's right to choose his hair length. To this issue the Court declared that " * * * the right to grow a beard or wear one's hair at any length is an aspect of personal liberty protected by the United States Constitution." Farrell v. Smith, supra, 310 F. Supp. at 736.

2. With respect to the relationship of student hair length and disruption of the educational program, Bothwell states the following:

"3. Long hair on male students is very common in our area. It causes no comment and no undue interest by other students. If anything, very short haircuts are unusual and subject to more attention.

"4. Long hair, as such, has not disrupted the educational program, but the enforcement of the dress code has created a resentment toward, and a disrespect for, the authority which imposes it."

Plaintiffs' Exhibit 9, Affidavit of John Bothwell.

3. The dress code provision with which this case is concerned applies only to male students. Query whether the Equal Protection Clause is violated by defendants' imposition of hair length regulations on male students while imposing none on females?

cause of their failure to comply with the hair regulation of the Saddleback Junior College Dress Code.

For the reasons given above,

It is ordered, adjudged and decreed:

1. That Number 7 of the Saddleback Junior College Student Dress Code, pertaining to the hair length of male students, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States.

2. That defendants are permanently restrained and enjoined from refusing to permit plaintiffs to register and attend classes at Saddleback Junior College on the ground that plaintiffs' hair length does not comply with Number 7 of the Student Dress Code.