**LA CHEMISE LACOSTE, a French corporation, Appellant,**

v.

**GENERAL MILLS, INC., a Delaware corporation,**

**David Crystal, Inc., a Delaware corporation and Izod, Ltd., a New York corporation as additional Defendants under Rule 19, Appellees.**

**The ALLIGATOR COMPANY, INC., a Delaware corporation, Defendant and Third-Party Plaintiff, Appellee,**

v.

**JEAN PATOU, INC., a New York corporation, Third-Party Defendant.**

**No. 72–1111.**

United States Court of Appeals, Third Circuit.

Argued Feb. 26, 1973.

Decided Sept. 6, 1973.

As Amended Nov. 1, 1973.

See also, D.C., 60 F.R.D. 164.

Thomas S. Lodge, Connolly, Bove & Lodge, Wilmington, Del., for plaintiff-appellant and third-party defendant; W. Brown Morton, Jr., Donal B. Tobin, Morton, Bernard, Brown, Roberts & Sutherland, Washington, D. C., of counsel.

Lewis S. Black, Jr., Morris, Nichols, Arscht & Tunnell, Wilmington, Del., for defendant, appellee.

Robert K. Payson, Potter, Anderson & Corroon, Wilmington, Del., for additional defendants, appellees; Irving Constant, Brian Bilzin, Rubin, Wachtel, Baum & Levin, New York City, Arthur H. Seidel, Allen L. Greenberg, Seidel, Gonda & Goldhammer, Philadelphia, Pa., of counsel.

Before HASTIE and ALDISERT, Circuit Judges, and DITTER, District Judge.

### OPINION OF THE COURT

HASTIE, Circuit Judge.

This litigation began with a complaint filed in the district court by La Chemise Lacoste, a French corporation, against the Alligator Company, Inc., a Delaware corporation. The relief sought was a declaratory judgment that Lacoste owned a certain crocodile emblem as a trademark for toiletries and was entitled to sell toiletries bearing that emblem in the United States.

Responding to this complaint, Alligator pleaded that Lacoste, acting through Jean Patou, Inc., a New York corporation, as its exclusive distributor, had violated Alligator's trademark rights and had competed unfairly by marketing in the United States toiletries so marked as to infringe its alligator emblem and trademark. Patou, as the instrumentality through which Lacoste had acted, was joined as a third-party defendant to affirmative request by Alligator for a determination of trademark rights between Alligator and Lacoste.

At this stage the litigation was essentially a controversy over the use of lizard-like emblems on toiletries and the pleadings showed that decision would be required upon conflicting claims to trademark rights in such emblems so used.

Lacoste then answered the charge in Alligator's counterclaim that it was violating Alligator's trademark rights and undertook to add as unwilling parties defendant three other American corporations: General Mills, Inc., Izod, Ltd. and David Crystal, Inc., though neither Lacoste nor Alligator had theretofore sought relief against these corporations. Lacoste treated this joinder as a matter of right under Rule 19(a), Federal Rules of Civil Procedure.

Thereafter, the cause came on for hearing on a motion of Lacoste for a preliminary injunction restraining General Mills, Alligator, Izod and Crystal from "diluting the distinctiveness of . . . [Lacoste's] common law trade marks, 'Chemise Lacoste' and 'Lacoste'," by alleged misuse of a lizard-like emblem on various articles of apparel. Simultaneously, the court considered a motion by General Mills, Izod and Crystal to dismiss the action as against them on the ground they were misjoined and the further ground that no cause of action had been pleaded against them.

The court granted the motion to dismiss the added parties and denied Lacoste's motion for a temporary injunction. 1971, 53 F.R.D. 596. Lacoste has appealed, thus bringing before us the propriety of the denial of a preliminary injunction and, incidentally at least, the propriety of the dismissal of the added parties, since most, if not all, of the alleged infringements sought to be restrained pendente lite are acts of those corporations rather than Alligator.

■ We agree with the district court that on the present record General Mills, Izod and Crystal were not subject to compulsory joinder under Rule 19(a). *Cf.* McArthur v. Rosenbaum Co. of Pittsburgh, 3d Cir. 1950, 180 F.2d 617; Volkswagenwerk Aktiengesellschaft v. Dreer, E.D.Pa.1963, 224 F.Supp. 744. The pleadings as they existed up to the time of the attempted joinder disclosed only disputes and conflicting claims between Lacoste and Alligator and no relief had been sought against any other person. True, at hearing it was established that General Mills was the sole stockholder of Crystal and had recently acquired all of the stock of Alligator. Moreover, Izod was wholly owned by Crystal. But the district court found, permissibly on this record, that these subsidiaries existed in law and functioned in fact as distinct entities over which, in the district court's language, "Mills does not exercise such control as to conclude that Alligator and Crystal are the *alter egos* of Mills justifying the piercing of the corporate veil . . . ." 53 F.R.D. at 603. We also agree with the district court that it had not acquired personal jurisdiction over Izod, a New York corporation.

■ Once it is decided that the corporations other than Alligator were not properly joined, the propriety of denying a preliminary injunction becomes very clear. The district court ruled that "to issue a preliminary injunction with respect to Alligator would be to resolve [*in limine*] a serious and novel question of fact and law as between LCL [Lacoste] and Alligator as to which has dominant rights in the crocodile emblem." 53 F.R.D. at 605. We think this appraisal was correct. A meaningful preliminary injunction against Alligator would necessarily have gone beyond the maintenance of the status quo. It would have granted affirmative relief pending final adjudication. Moreover, it was not proved that the requested injunction was essential to the avoidance of immediate irreparable harm to Lacoste. In all the circumstances, we conclude that the denial of a preliminary injunction was a proper exercise of judgment and discretion. *Cf.* Penn Galvanizing Co. v. Lukens Steel Co., 3d Cir. 1972, 468 F.2d 1021.

The judgment will be affirmed.