John H. SIMPSON and Hilda Simpson, Appellants (Defendants and Third-Party Defendants below),

v.

PETROLEUM, INC., a Kansas Corporation, Appellee (Plaintiff below),

v.

CARDINAL PETROLEUM CO. et al., Appellees (Third-Party Defendants below).

No. 4518.

Supreme Court of Wyoming.

April 2, 1976.

Rehearing Denied April 29, 1976.

**2**

Bruce P. Badley, Badley & Shoumaker, Sheridan, signed the brief and appeared in oral argument for appellants.

Lawrence A. Yonkee and Tom C. Toner, Redle, Yonkee & Arney, Sheridan, signed the brief and Lawrence A. Yonkee appeared in oral argument for appellee, Petroleum, Inc.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

■ The appellants-defendants have here appealed from the granting of a preliminary injunction by the trial court. A preliminary injunction is to preserve the status until the merits of an action can be decided, *Weiss v. State ex rel. Danigan,* Wyo.1967, 434 P.2d 761, 762. The defendants here complain that ["the district court erred in granting a preliminary injunction which had the effect of a final judgment without bringing the matter for trial"] and cited *Weiss* in support of that proposition. This opinion will be squarely within the perimeter of that issue as dispositive of the appeal.

The record discloses that on December 3, 1974, an application for preliminary injunction was filed by plaintiff-appellee for issuance of a *preliminary injunction* "restraining and enjoining" appellants-defendants from preventing or interfering with plaintiff shaling a road leading from an oil and gas well on defendants' land. The application for a *preliminary injunction* was set down for hearing on December 5, 1974, only two days later, by a district court commissioner, and on the date set, the district judge opened court and announced that court was convened for hearing on an application for *preliminary injunction.* After hearing, he made and entered what is labeled an Order Granting *Preliminary Injunction.* The trial court granted defendants a stay pending appeal conditioned upon defendants posting a supersedeas bond, which has been done.

■ The so-called *preliminary injunction,* however, granted to the plaintiff all the injunctive relief which it had requested. There was nothing left to be considered in any final hearing and it was, in effect, a final and permanent injunction. Rule 65 (a)(2), W.R.C.P., in pertinent part, provides as follows:

"Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. * * *"

The record discloses no order of any sort advancing the trial of the action on the merits, to be consolidated with the application. It is reasonable to believe that defendants appeared at the hearing expecting to defend only against the granting of a preliminary injunction. They were willing to do that and make no complaint about appearing for that limited purpose. It is one thing to appear for a hearing on the matter of a preliminary injunction and another to walk away from that hearing saddled with a permanent injunction.

The language of Rule 65(a)(2) is abundantly clear in its very terms that there must be an order advancing the hearing and should need no construction. Nevertheless, the federal courts have spoken in that regard. When a hearing on a preliminary injunction becomes a hearing on the merits, Rule 65(a)(2), F.R.C.P., identical to Wyoming's rule of the same number, there must be notice of such advancement. *Dry Creek Lodge, Inc. v. United States,* 10 Cir. 1975, 515 F.2d 926, 935–936, and the references there footnoted. *Nationwide Amusements, Inc. v. Nattin,* 5 Cir. 1971, 452 F.2d 651, 652, explains that though no written form of order is required, the parties must have some form of notice that their final day in court has come. No order was made by the court after the hearing began nor did the trial court in any manner indicate that he considered these hearings to be consolidated at the beginning of the hearing. Appellants

were never advised that the court would determine this matter in such manner that there would be a final disposal thereof and appellants could not have known of this result until the judgment was entered. There is not the slightest hint in the record here that the defendants had their last say, before the final relief was granted, when only preliminary relief was sought.

The hearing was had upon two days' notice to the defendants and before any answer was filed. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly inquired into and determined under equitable conditions and principles. To do otherwise is perverting the function of the preliminary injunction.

■ Generally, a preliminary injunction will not be awarded where its effect is to give the principal relief plaintiff seeks without bringing the cause to trial. *Weiss v. State ex rel. Danigan*, supra; *La Chemise Lacoste v. General Mills, Inc.*, 3 Cir. 1973, 487 F.2d 312; *King v. Saddleback Junior College District*, 9 Cir. 1970, 425 F.2d 426, on remand, D.C.C.D.Cal., 318 F. Supp. 89; *Meiselman v. Paramount Film Distributing Corp.*, 4 Cir. 1950, 180 F.2d 94; *Warner Bros. Pictures v. Gittone*, 3 Cir. 1940, 110 F.2d 292; *Hansen v. Galiger*, 1949, 123 Mont. 101, 208 P.2d 1049. See Wright & Miller, Federal Practice and Procedure: Civil, §§ 2948–9. In the instant case, the issuance of a preliminary injunction would not preserve the status quo but would disturb it by allowing the shaling with pit-run scoria of a four-mile stretch of road which had not previously been extensively surfaced on defendants' land. Defendants claim there is a surface damage agreement violation and shaling of the road is injurious to their ranching operation.

■ The extraordinary remedy of an injunction is a far-reaching force and must not be indulged in under hastily contrived conditions. It is a delicate judicial power and a court must proceed with caution and deliberation before exercising the remedy. We hold that there was an abuse of the court's discretion demonstrated by the procedures followed in this particular case.

■ There is no problem with respect to the appealability of the "Order Granting Preliminary Injunction." It was not a preliminary injunction; it was, in fact, a final order and falls within Rule 72(a), W.R.C.P.:

"A final order is: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; * * *."

The order, in effect, determined the action and prevented any final judgment because there was nothing left to try when, in fact, defendants were entitled to status quo and a further final hearing on the merits.

The order of the district court is reversed and the cause remanded with directions to vacate the preliminary injunction and proceed to final hearing on the merits.

ROSE, Justice (dissenting).

The majority opinion says:

". . . The defendants here complain that 'the district court erred in granting a preliminary injunction which had the effect of a final judgment without bringing the matter for trial' and cited Weiss in support of that proposition. This opinion will be squarely within the perimeter of that issue as dispositive of the appeal."

My disagreement with the majority lies—plainly and simply—with the fact that I do not find where, as an issue in this appeal, the appellants have raised, relied upon, briefed or contemplated a complaint of insufficient notice of consolidation under Rule 65(a)(2), W.R.C.P., or any other due-process-of-law transgression as that doctrine contemplates the fair trial guarantee.

I assume that the majority means, by the above delineation of the appellate issue and the hereinafter quoted opinion material, that the appellants were deprived of a fair trial because of insufficient time to prepare.

The following excerpts are from the opinion. Referring to a quoted portion of Rule 65(a)(2), W.R.C.P.,[1] the author of the majority says:

" . . . The application for a *preliminary injunction* was set down for hearing on December 5, 1974, only two days later, by a district court commissioner, and on the date set, the district judge opened court and announced that court was convened for hearing on an application for *preliminary injunction*. . . ."

The opinion goes on:

" . . . It is reasonable to believe that defendants appeared at the hearing expecting to defend only against the granting of a preliminary injunction. They were willing to do that and make no complaint about appearing for that limited purpose. It is one thing to appear for a hearing on the matter of a preliminary injunction and another to walk away from that hearing saddled with a permanent injunction."

Again, with reference to Rule 65(a)(2) and the appellants' lack of adequate notice that consolidation and final disposition would be made—the opinion says:

" . . . No order was made by the court after the hearing began nor did the trial court in any manner indicate that he considered these hearings to be consolidated at the beginning of the hearing. Appellants were never advised that the court would determine this matter in such manner that there would be a final disposal thereof and appellants could not have known of this result until the judgment was entered. There is not the slightest hint in the record here that the defendants had their last say,

before the final relief was granted, when only preliminary relief was sought.

"The hearing was had upon two days' notice to the defendants and before any answer was filed. . . ."

I herewith set out my analysis of the problem which has led me to the firm resolution that inadequate notice of consolidation under Rule 65(a)(2), W.R.C.P., and the other fair-trial guarantees of due process have never been raised and relied upon in this appeal. Naturally, the appellee has not responded to the issue since it was not called up either in argument or in brief.

I agree with the majority's holding that the consolidated hearing was a trial on the merits, from which a final, appealable order issued. The majority opinion says:

"The so-called *preliminary injunction*, however, granted to the plaintiff all the injunctive relief which it had requested. There was nothing left to be considered in any final hearing and it was, in effect, a final and permanent injunction. . . ."[2]

It should not, however, go unnoticed that the parties and the trial court treated this matter as a *preliminary* injunction. It was appealed as a *preliminary* injunction and urged and argued as a *preliminary* injunction question in this court. If it was, in truth, a *preliminary* injunction problem in which the ultimate issues had *not* been decided and, therefore, the order made and entered by the lower court was of an interlocutory nature, such an order would not have been final and appealable and the appeal should have been dismissed. *Book v. Book*, 59 Wyo. 423, 141 P.2d 546;

1. " 'Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. * * * ' " (Rule 65(a)(2), W.R.C.P., quoted from the majority opinion)

2. See the Tenth Circuit case of *Sooner State Dairies, Inc. v. Townley's Dairy Company,*

406 F.2d 1328, 1329, where it is said:
" . . . Our situation is different from cases like *Standard Oil Co. of Texas v. Lopeno Gas Co.,* 240 F.2d 504 (5th Cir. 1957) where the whole action was equitable and 'Nothing more remained to be tried.' p. 510. In those circumstances the final injunctive relief was appropriate even though the hearing was on a motion for temporary relief . . . ."

*Wheatland Irrigation District v. McGuire,* Wyo., 537 P.2d 1128, 1130.

It is said in 4 Am.Jur.2d Appeal and Error, "Finality as bearing on appealability," § 50. "Generally,", p. 572:

> "As a rule, merely interlocutory decisions are not appealable, the general policy of the law being to permit an appeal only from final decisions or judgments, in the absence of a statute or rule specifically providing otherwise . . ."

For purposes of this dissenting opinion, however, I assume, grant and concede that the order emanating from the trial court is a

"final and permanent injunction . . ." *because the ultimate issues were decided.* For this reason, I can agree with the majority opinion where is holds:

> "There is no problem with respect to the appealability of the 'Order Granting Preliminary Injunction.' It was not a preliminary injunction; it was, in fact, a final order . . ."

At least I would agree that, while it was tried under the guise of a preliminary injunction, it determined the ultimate issues and, therefore, the order was appealable under Rule 72(a), W.R.C.P.

## APPELLANTS' STATEMENT OF THE LAW

The brief of the appellants incorporates the following heading in capital letters:

"STATEMENT OF THE LAW
"*THE DISTRICT COURT ERRED IN GRANTING A PRELIMINARY INJUNCTION WHICH HAD THE EFFECT OF A FINAL JUDGMENT WITHOUT BRINGING THE MATTER FOR TRIAL*" [3]

In support of this proposition, appellants argue and discuss these points:

3. This is the reference the majority opinion makes to the appellants' brief, where the opinion states:
"The defendants here complain . . ."
and then says:

1. The district court's order should be reversed because an emergency did not exist.

2. The district court's order was based upon the

> "false testimony of Mr. Franklin which has been refuted by the production of records shown in this brief."

3. The "Riders" on the oil and gas lease in question were discussed.

4. The law of accommodation between mineral estate and surface estate is analyzed with citations.

5. The appellants express their interpretation of the law of contract as it is applicable to this case.

6. The rule of law is recited concerning the duty of an appellate court if it becomes convinced that a mistake has been made below.

7. *Weiss v. State,* Wyo., 434 P.2d 761, is cited for the following proposition:

> ". . . The record does not support the Preliminary Injunction for this Court has ruled . . .
>
> " 'Award of temporary injunction is extraordinary remedy which will not be granted except upon clear *showing of probable success and possible irreparable injury to plaintiff.*' " [Emphasis supplied]

First, with respect to Number 7 above, in re *Weiss,* supra, I emphasize that the citation is not offered by the appellants as authority for granting relief from their not having had sufficient notice to enable them to prepare for a consolidated hearing on the issues.

They cite the *Weiss* case to support their theory that the preliminary injunction should not have issued because

(a) there was no clear showing of "probable success"; and

> ". . . This opinion will be squarely within the perimeter of that issue as dispositive of the appeal."—See the first paragraph of this dissent.

(b) there was no showing of "possible irreparable injury."

In other words, *Weiss* is cited by the appellants as authority for the contention that there is *insufficient evidence to support the order—not* in support of a complaint that rights protected by Rule 65(a)(2), W.R. C.P., have been violated—and *not* in support of an allegation that appellants' rights to a fair trial within the contemplation of the Fourteenth Amendment to the Federal Constitution and Article 1, Section 6, of the Constitution of the State of Wyoming have been denied them.

It is readily apparent that the matters listed under Numbers 1 through 6 above are also inapplicable to the consolidation and lack of notice philosophy contemplated by Rule 65(a)(2), W.R.C.P., and the constitutional due-process notice requirements. They concern unrelated legal questions and make an argument about insufficiency of the evidence.

## APPELLANTS' STATEMENT OF THE FACTS

In their statement of facts the appellants recite the conflict in the testimony at great length—they discuss the contract and cite appropriately from it. The appellants then say:

"Petroleum, Inc. rushed into court on December 3, 1974, *forcing* the Defendant to a hearing on December 5, 1974, upon the grounds that they would suffer irreparable harm if they could not gravel the road prior to the winter and spring season . . ." [Emphasis supplied]

Following this statement the argument is made that the appellee *did not prove* "irreparable harm" would result if the road was not graveled.

Not a word is said by way of objection to the *"forcing"* of the hearing. That is—there is no assertion that the appellants weren't ready—that they needed time to

prepare—that discovery was yet to be done —nor was any other complaint urged having to do with lack of notice or consolidation. The appellants simply do not argue, either in their brief or orally before this court, that they were denied time to prepare for the consolidated hearing and that their presentation to the court suffered thereby.

The appellants conclude their statement of facts with a plea to us for reversal on the ground that *the evidence did not show that it was necessary to gravel the road* and ask that we remand for a jury trial in order that another fact-finder may be permitted to go into the question of the necessity for undertaking that task.[4]

In short—the appellants say that the facts were presented to the judge in the hearing on the issues but, not liking the way it came out, there should now be a jury trial.

That is the plea to this court—not that there was insufficient time to prepare for the hearing below—or that anything would be different if a jury trial were held.

Having held the order to be "final" and thus appealable—the majority of the court undertakes to anchor its opinion in the doctrine of due process when it quotes from Rule 65(a)(2), W.R.C.P., supra:

" 'Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. * * * ' "

The majority relates the rule to be that there *"must"* be an order before consolidation will be effected. [Emphasis supplied] The rule says the court *"may"* order the consolidation.

As authority for the theory that there *"must"* be notice of consolidation under Rule 65(a)(2), the majority cites *Dry Creek Lodge, Inc. v. United States,* 10 Cir.

---

4. Appellants, in their brief, request this court to return the matter to the lower court for a trial by jury. Whether or not this could be

effected in these injunctive proceedings I do not pass upon in this dissent.

1975, 515 F.2d 926, 935–936, and the references there footnoted, and *Nationwide Amusements, Inc. v. Nattin,* 4 Cir. 1971, 452 F.2d 651, 652, for the principle that the parties must have notice of consolidating the hearing on the application for the preliminary injunction with the trial of the issues.

I am in complete agreement with that rule, but in both of the above last-cited cases it appears that motions were made for more time to prepare, and *certainly violation of due-process guarantees were assigned as error on appeal.* Here, there was no motion made for more time in which to prepare—discover—or plead; nor were lack of notice of consolidation and violation of due process errors assigned to this court by the appellants.

The power to consolidate the hearing with a trial on the merits must, indeed, take into consideration the principles of due process.

It is said in 11 Wright & Miller, Federal Practice and Procedure: Civil § 2950, Preliminary Injunctions, p. 486:

" . . . However, this power (of consolidation) must be tempered by the due process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits . . ." [Parenthetical matter supplied]

If the appellants had made an issue of the question of no notice—resulting in lack of time to prepare or to take depositions or make discovery—I would have enthusiastically held with the majority. I want to be the last to deny a litigant his right to a fair trial.

*The fact of the matter is, however, that the appellants do not complain that their due-process rights have been violated* through a failure to receive notice of consolidating the preliminary injunction hearing with a hearing on the merits of the case.

Time and again when making his argument, counsel for appellants would contend that his position before this court was to test the lower court's decision in the area of fact-finding. Counsel stated:

"The order ·was issued on erroneous facts."

"It was based on an error of fact."

When asked by Justice Thomas about whether there had been an order consolidating the hearing on the preliminary injunction with a hearing on the merits, the attorney for appellants responded:

"Well, we did not get into that . . ." [5] In other words—he did not object at that time and the record fails to show any prior or later objection to either the manner of conducting the hearing or to a denial of any rights to a fair trial.

The appellants argued before this court and in their brief about whether or not the lower court properly interpreted a contract and whether or not the ·judge properly weighed the evidence, with heavy emphasis being placed upon whether one of the witnesses spoke the truth or did not speak the truth. *But they did not argue due process of law.*

Under the rules announced by this court too many times to even cite or repeat, the matters last mentioned are for the trial court—not this court—unless the judge committed error of law. I find no such errors in this record—and neither does the majority. Further, I do not find that there is insufficient evidence to support the order, which is another argument made by the appellants—neither does the majority.

The sole basis for the majority opinion, as I read it, is that the appellants were denied their guarantees of due process by reason of the court's failure to enter an order giving timely notice of consolidation of the hearing on a preliminary injunction with a hearing on the ultimate issues under Rule 65(a)(2), W.R.C.P. *This was not*

---

5. The above quotes are from the court tape recorder which recorded the argument.

*assigned as grounds for error in the appeal to this court.*

The author of the majority opinion here wrote, very recently (February 12, 1976), in the cases of *Mader v. Fanning; James v. Fanning;* and *Mader v. James,* Wyo., 546 P.2d 190, 195:

" . . . A question not raised in the trial court cannot be considered by the supreme court. *Guggemos v. Tom Searl-Frank McCue, Inc.,* Wyo.1971, 481 P.2d 48, 51; *Gaido v. Tysdal,* supra [68 Wyo. 490, 235 P.2d 741]. See also the multitude of cases cited in West's Wyoming Digest, Appeal and Error, ☞ 169."

In my judgment, the majority opinion in this appeal destroys the efficacy of this rule, rendering it so devastated and shattered as to be incapable of being longer relied upon by the Bench and Bar for appellate purposes.

I do *not* make the point in this dissent that two days' notice is adequate time for a hearing of this magnitude—I make the argument that—*assuming it is not*—the appellants still should be required to assign their failure to be granted a fair trial as error for our consideration before they can have the attention of this court, except on jurisdictional matters.

If we do not fashion our opinions upon issues actually relied upon by the litigants—how are the appellees to have any idea what to prepare for? How can an attorney for an appellee know how to advise his client? How can one justice know what his Brothers should appropriately and properly contemplate in the decision-making process unless we of this court are willing to be restricted to the issues designated by the parties in conformity with appellate rules and case law?

There is not one word about insufficient notice—due process—fair trial—too little time to prepare, etc., in either the appellants' brief or the brief of the appellee— the question was never argued here. Neither party considered these factors to be in issue. We raise the issue for the first time here in the majority opinion. How can this court respond to the pleas of the appellee's attorney in a petition for rehearing when he argues that we have wrongfully considered a nonjurisdictional question when it was not raised on appeal and, therefore, he did not have the opportunity to brief or argue the issue in this court? Surely he cannot be faulted for not having raised or argued the point when he had no notice of the issue in the appellants' brief or their argument before us.

I must say that I feel we are here establishing a precedent which is not only bad appellate law but one which we will regret. In so saying, and finding no other error, I would have affirmed the lower court.

McCLINTOCK, J., concurs in this dissent.